THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARIUSZ SIENKIEWICZ, Defendant-Appellant.

Second District   No. 2—01—0349

Opinion filed June 6, 2002.

Peter C. Wachowski, of Bellas & Wachowski, of Park Ridge, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Catherine A. Voigt, of Glen Ellyn, for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Mariusz Sienkiewicz, appeals from the January 19, 2001, order of the circuit court of Lake County denying his motion to dismiss the indictment charging him with reckless homicide (720 ILCS 5/9—3(a) (West 2000)). The defendant argued that the State could not proceed against him on the reckless homicide charge because he had previously pleaded guilty to the offense of reckless driving (625 ILCS 5/11—503(a) (West 2000)) for the same conduct. The trial court denied the motion, finding that the prosecution did not violate double jeopardy and that the State was not estopped from prosecuting the reckless homicide charge. We reverse.

The facts relevant to the appeal are as follows. On July 16, 2000, the defendant lost control of his motorcycle and collided with another vehicle on the off-ramp from northbound Interstate 94 to westbound Route 132 in Gurnee. As a result of the accident, the defendant's passenger, Anna Jaruga, suffered serious head injuries and died.

Following the accident, the defendant received a traffic citation for reckless driving in violation of section 11—503(a) of the Illinois Vehicle Code (625 ILCS 5/11—503(a) (West 2000)). According to the ticket, the defendant violated this section by "improper stopping in traffic, failure to signal when required, improper lane usage, [and] traveling at 80 m.p.h. plus in a 55 m.p.h. zone." The ticket described the location of the offense as northbound Interstate 94 between mile markers 61 and 70.

On August 4, 2000, pursuant to a negotiated plea, the defendant pleaded guilty to the reckless driving offense. The defendant was sentenced to six months' probation and fined $250. It also appears that the State agreed to nol-pros other traffic citations that had been

issued against the defendant, although the record does not indicate what additional offenses were alleged in these citations.

On September 6, 2000, the defendant was indicted for the offense of reckless homicide (720 ILCS 5/9—3(a) (West 2000)). The indictment alleged that on July 16, 2000, the defendant:

> "while acting in a reckless manner, performed acts likely to cause the death of some individual, in that he operated a *** motorcycle on the off-ramp from northbound I-94 to westbound Route 132 in Gurnee *** at a speed which was greater than the posted speed limit and which was greater than was reasonable and proper with regard to the existing traffic conditions and the safety of persons properly upon the roadway, and he left the roadway, causing his motorcycle to strike a 1987 Ford Econoline van, thereby causing the death of Anna Jaruga, who was a passenger of said defendant's motorcycle."

On November 8, 2000, the defendant filed a motion to dismiss the indictment. The defendant argued that the indictment arose from the same facts that were the basis for his conviction of reckless driving. Accordingly, the defendant asserted that the State was precluded from prosecuting the indictment by the double jeopardy guarantees of both the United States and Illinois Constitutions. U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 10. The defendant also argued that the State was estopped from prosecuting the indictment because it had entered into a plea agreement with him on the reckless driving charge.

Following a hearing, the trial court denied the motion to dismiss the indictment. The trial court found that the reckless driving and reckless homicide charges arose from separate and distinct acts committed by the defendant. The trial court therefore concluded that the prosecution did not violate double jeopardy. The trial court also found that the defendant's earlier guilty plea on the reckless driving charge did not estop the State from prosecuting the reckless homicide charge. Following the denial of his motion to reconsider, the defendant filed a timely notice of appeal pursuant to Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)).

The defendant's first contention on appeal is that the prosecution for reckless homicide is barred by double jeopardy principles. The defendant argues that he was placed in jeopardy when he pleaded guilty to the reckless driving charge and that he may not be prosecuted again for the same criminal offense. The defendant asserts that, because reckless driving is a lesser-included offense of reckless homicide, he may not be prosecuted for the latter offense.

■ Both the United States and Illinois Constitutions provide that no person shall be put in jeopardy twice for the same criminal offense.

U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 10. The double jeopardy clause protects a defendant from (1) a second prosecution after acquittal; (2) a second prosecution after conviction; and (3) multiple punishments for the same offense. *People v. Stefan*, 146 Ill. 2d 324, 333 (1992). The guarantee against double jeopardy expresses "a constitutional policy of finality for the defendant's benefit." *United States v. Jorn*, 400 U.S. 470, 479, 27 L. Ed. 2d 543, 553, 91 S. Ct. 547, 554 (1971).

As an initial inquiry to our double jeopardy analysis, we must first determine whether the reckless driving conviction and the reckless homicide charge arose from the same criminal act. If the prosecutions are predicated upon different criminal acts, then no double jeopardy problem arises. See *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182 (1932). The defendant asserts that the two charges are predicated upon a single course of reckless conduct that commenced on Interstate 94 after mile marker 61 and ended when his motorcycle collided with the van on the off-ramp to westbound Route 132. The defendant asserts that there was no change in the nature of his criminal objective during this time and that there is no distinction between the acts of recklessness that form the basis for the reckless driving charge and those that form the basis for the reckless homicide charge.

The State, on the other hand, asserts that the two charges against the defendant were based on distinct criminal acts that occurred in distinct locations on the roadway. The State notes that the reckless driving charge was based on improper stopping in traffic, the failure to signal, improper lane usage, and traveling at more than 80 miles per hour in a 55-mile-per-hour zone. The State argues that the reckless homicide charge involved neither improper stopping in traffic, improper lane usage, nor improper signaling.

In determining whether the defendant's conduct consisted of single or multiple acts, courts will consider whether the conduct consists of discrete physical acts. *People v. Harris*, 182 Ill. 2d 114, 133-34 (1998). Our supreme court has explained that a separate act is " 'any overt or outward manifestation which will support a different offense.' [Citations.]" *People v. Rodriguez*, 169 Ill. 2d 183, 188 (1996). Although not determinative, relevant factors to consider in deciding whether the defendant's conduct constituted separate physical acts include (1) whether the defendant's acts were interposed by an intervening event; (2) the time interval between the successive parts of the defendant's conduct; (3) the identity of the victim; (4) the similarity of the acts performed; (5) whether the conduct occurred in the same location; and (6) the prosecutorial intent, as shown by the

74

wording of the charging instruments. *People v. Moss*, 274 Ill. App. 3d 77, 83 (1995).

■ Turning to this case, the indictment charging the defendant with reckless homicide alleges that the defendant acted in a reckless manner by operating his motorcycle at a speed greater than the posted speed limit and greater than what was reasonable with regard to the existing traffic conditions and the safety of persons on the roadway. The defendant's speeding was also a basis for his citation for reckless driving. It therefore appears that the reckless acts charged in both offenses rely, in part, on the defendant's act of operating his motorcycle at an excessive speed.

After careful consideration, we do not believe that the defendant's recklessness in operating his vehicle at an excessive speed can be divided into separate and discrete physical acts. Although the State asserts that the speeding alleged in the reckless driving charge took place on the highway and the speeding alleged in the reckless homicide charge took place on the off-ramp to the highway, the State points to no intervening event that could be viewed as separating this reckless conduct into two separate acts. Rather, it appears that the defendant's conduct occurred over a continuous interval of time without an intervening event or interruption. Moreover, we note that the off-ramp where the collision occurred is located between mile markers 61 and 70 on northbound Interstate 94, the same location where the defendant was charged with reckless driving. It would therefore appear that the misconduct alleged in the reckless driving charge is necessarily encompassed within the misconduct cited in the reckless homicide charge. We therefore reject the State's assertions that the defendant committed two different acts of recklessness simply because he operated his vehicle at an excessive speed on both the expressway and its off-ramp.

Notwithstanding the fact that both charges rely on the defendant's act of speeding, the State asserts that the recklessness alleged in the two charges is distinct because the remaining conduct alleged in the charges was different. For example, the reckless driving charge alleged that the defendant improperly stopped his vehicle on the roadway and improperly changed lanes, while the reckless homicide charge alleged that the defendant caused his vehicle to leave the roadway. Although we acknowledge that the State has alleged that the defendant committed various wrongful acts between mile marker 61 and the collision, these individual events were alleged as part of a greater course of reckless conduct. The State did not cite the defendant for each separate traffic violation but instead chose to rely on the entirety of the conduct to charge the defendant for his reckless course of conduct in operating his vehicle.

Because the State relied on the entire course of conduct in formulating the charge, we reject the State's assertions that the defendant's conduct can be subdivided into separate and discrete acts. As noted above, the record contains no indication that there was an intervening event or period of time that separated the various reckless acts. Rather, it appears that the State has alleged a single course of reckless conduct. Indeed, both charges rely on the defendant's act of speeding to establish his reckless conduct. We therefore conclude that the same criminal act is alleged in the reckless driving and reckless homicide charges.

Having determined that the reckless driving and reckless homicide charges are predicated upon the same criminal act, we turn to the next portion of our double jeopardy analysis. The United States Supreme Court has long held that a state cannot prosecute a defendant in successive prosecutions for the same criminal act under different statutes unless each statute "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182 (1932). The *Blockburger* test focuses on the statutory elements of each offense. *People v. Mauricio*, 249 Ill. App. 3d 904, 906 (1993). *Blockburger* prohibits a second prosecution for the same criminal act if one offense has identical statutory elements or is an included offense of the other. *Mauricio*, 249 Ill. App. 3d at 906. The *Blockburger* test was most recently reaffirmed by the Supreme Court in *United States v. Dixon*, 509 U.S. 688, 125 L. Ed. 2d 556, 113 S. Ct. 2849 (1993). Under *Dixon*, the sole guide to evaluate whether the offenses are the same for the purposes of double jeopardy is the statutory definition of each offense; no inquiry is made into the conduct giving rise to the offenses. *Dixon*, 509 U.S. at 710-12, 125 L. Ed. 2d at 577-78, 113 S. Ct. at 2863-64.

A defendant commits the offense of reckless driving when he "drives any vehicle with a willful or wanton disregard for the safety of persons or property." 625 ILCS 5/11—503(a) (West 2000). Meanwhile, a defendant commits reckless homicide when he unintentionally causes the death of another by recklessly operating a motor vehicle in a manner likely to cause death or great bodily harm. 720 ILCS 5/9—3(a) (West 2000). The defendant asserts that reckless driving is a lesser-included offense of reckless homicide and that his conviction of the former offense precludes a subsequent prosecution for the latter offense. The State responds that reckless driving is not a lesser-included offense of reckless homicide because each offense requires proof of a fact that the other does not. The State argues that reckless homicide requires that a death result from the defendant's conduct, whereas reckless driving does not. Meanwhile, the State argues that reckless

driving requires proof of willful or wanton conduct, while reckless homicide only requires proof of recklessness.

Based upon our examination of the statutory elements of both charges, we conclude that reckless driving is a lesser-included offense of reckless homicide for purposes of double jeopardy analysis. Both offenses require proof that the defendant operated his vehicle in a manner that threatened the safety of others. Although the offense of reckless driving requires a showing of "willful and wanton" conduct, while the offense of reckless homicide requires a showing of reckless conduct, the Criminal Code of 1961 equates the two mental states. See 720 ILCS 5/4—6 (West 2000) ("An act performed recklessly is performed wantonly, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning"); see also *People v. Stropoli*, 146 Ill. App. 3d 667, 672-73 (1986); *People v. Wolfe*, 114 Ill. App. 3d 841, 848-50 (1983). The only difference between the two offenses is that reckless homicide requires that a death result from the defendant's conduct, while reckless driving does not. Therefore, it appears that the proof of the offense of reckless driving is necessarily entailed within the proof of reckless homicide.

Although no Illinois courts have previously considered the precise question before us, we find support for our conclusion that reckless driving is a lesser-included offense of reckless homicide in *Chikitus v. Shands*, 373 So. 2d 904 (Fla. 1979). The facts of *Chikitus* are remarkably similar to those in this case. In *Chikitus*, the defendant was driving an automobile and was involved in an accident resulting in the death of two people. The defendant was initially charged with the offense of reckless driving. *Chikitus*, 373 So. 2d at 904. In Florida, the offense of reckless driving is defined using the same statutory language as the Illinois offense. See Fla. Stat. Ann. § 316.192 (West 2002). The defendant pleaded no contest and was convicted of the charge. *Chikitus*, 373 So. 2d at 904. The defendant was subsequently indicted with the offense of vehicular homicide, an offense that is defined using the same statutory language as the Illinois reckless homicide statute (Fla. Stat. Ann. § 782.071 (West 2002)). *Chikitus*, 373 So. 2d at 904.

The Supreme Court of Florida held that double jeopardy principles precluded the prosecution of the defendant on the vehicular homicide charge for the same criminal act. *Chikitus*, 373 So. 2d at 905. After examining the statutory elements of the two offenses, the court concluded that the offense of vehicular homicide could not be proved without also proving the elements of reckless driving. Therefore, the court held that reckless driving was a lesser-included offense of vehicular homicide and that double jeopardy applied to bar a subsequent prosecution for vehicular homicide when the defendant

previously had been convicted of the charge of reckless driving arising from the same facts. *Chikitus*, 373 So. 2d at 905.

Here, as in *Chikitus*, jeopardy attached when the defendant pleaded guilty to the reckless driving charge. The State was therefore precluded from prosecuting the defendant under a different criminal offense requiring proof of the same statutory elements. *Blockburger*, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182. Based upon our analysis above, and as noted in *Chikitus*, proof of the offense of reckless homicide necessarily requires proof of the offense of reckless driving. Accordingly, we conclude that double jeopardy precludes the State from prosecuting the reckless homicide charge and hold that the trial court erred in denying the defendant's motion to dismiss the indictment.

In light of our resolution of the double jeopardy issue, we need not address the other arguments that the defendant raises on appeal.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed.

Reversed.

O'MALLEY and CALLUM, JJ., concur.