Docket No. 93970–Agenda 4–September 2003.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MARIUSZ SIENKIEWICZ, Appellee.

Filed December 4, 2003

JUSTICE KILBRIDE delivered the opinion of the court:

Defendant, who was indicted for reckless homicide (720 ILCS 5/9–3 (West 2000)), moved to dismiss the indictment, arguing that it arose from the same facts that were the basis for a previous conviction for reckless driving (625 ILCS 5/11–503 (West 2000)). The trial court denied the motion to dismiss, finding that the charges for each offense arose from separate and distinct acts committed by defendant. On appeal pursuant to Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)), the appellate court reversed, holding that double jeopardy precluded the State from prosecuting the reckless homicide charge. 331 Ill. App. 3d 70. We granted the State’s petition for leave to appeal (177 Ill. 2d R. 315) and now affirm.

BACKGROUND

On July 16, 2000, while on his motorcycle, defendant collided with another vehicle on the off-ramp from Interstate 94 into Gurnee, Illinois. Defendant’s passenger, Anna Jaruga, suffered head injuries and died. Defendant received a traffic citation for reckless driving. According to the ticket, defendant’s violation consisted of “improper stopping in traffic, failure to signal when required, improper lane usage, [and] traveling at 80 m.p.h. plus in a 55 m.p.h. zone.” The ticket described the location of the offense as northbound Interstate 94 between mile markers 61 and 70. Defendant subsequently pleaded guilty to reckless driving and was sentenced to six months’ probation and fined $250.

On September 6, 2000, defendant was indicted for reckless homicide, stemming from the death of Jaruga. The indictment alleged that, on July 16, 2000, the defendant:

“while acting in a reckless manner, performed acts likely to cause the death of some individual, in that he operated a *** motorcycle on the off-ramp from northbound I-94 to westbound Route 132 in Gurnee *** at a speed which was greater than the posted speed limit and which was greater than was reasonable and proper with regard to the existing traffic conditions and the safety of persons properly upon the roadway, and he left the roadway, causing his motorcycle to strike a 1987 Ford Econoline van, thereby causing the death of Anna Jaruga, who was a passenger of said defendant’s motorcycle.”

Defendant moved to dismiss the indictment on double jeopardy grounds, arguing that the charge arose from the same facts that were the basis of his reckless driving conviction. Defendant also argued that the State should be estopped from prosecuting the indictment because it had entered into a plea agreement with him on the reckless driving charge. The trial court denied the motion, rejecting both of defendant’s arguments. He appealed pursuant to Rule 604(f) (188 Ill. 2d R. 604(f)).

The appellate court reversed, holding that defendant’s speeding was the basis for both charges and that his conduct could not be divided into separate and discrete physical acts. 331 Ill. App. 3d at 74. Having determined that there was only a single act, the appellate court went on to conclude that reckless driving was a lesser included offense of reckless homicide for purposes of double jeopardy analysis. 331 Ill. App. 3d at 76. The appellate court reasoned that both offenses required proof that defendant operated his vehicle in a manner that threatened the safety of others. 331 Ill. App. 3d at 76. The only difference between the two offenses is that reckless homicide requires that a death result from the defendant’s conduct, while reckless driving does not require that outcome. 331 Ill. App. 3d at 76.

By leave of this court, the State now appeals (177 Ill. 2d R. 315). 

ANALYSIS

The double jeopardy clause of the fifth amendment, made applicable to the states through the fourteenth amendment, provides that no person shall “be subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const., amends. V, XIV. The same protection is afforded to the citizens of this state by the Illinois Constitution. See Ill. Const. 1970, art. I, §10. The prohibition against double jeopardy “ ‘protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.’ ”
 People v. Henry
, 204 Ill. 2d 267, 283 (2003), quoting 
People v. Placek
, 184 Ill. 2d 370, 376-77 (1998).

In the seminal case of 
Blockburger v. United States
, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932), the United States Supreme Court held that a state cannot prosecute a defendant in successive prosecutions for the same criminal act under different statutes unless each statute “requires proof of an additional fact which the other does not.” 
Blockburger
, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182. This test, sometimes referred to as the “same-elements test” or the “
Blockburger
 test,” inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. 
United States v. Dixon
, 509 U.S. 688, 696, 125 L. Ed. 2d 556, 568, 113 S. Ct. 2849, 2856 (1993); 
Blockburger
, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182.

Later, in 
Grady v. Corbin
, 495 U.S. 508, 521-22, 109 L. Ed. 2d 548, 564-65, 110 S. Ct. 2084, 2093 (1990), the Supreme Court adopted an additional test, the “same conduct” test, that focused on the conduct to be proven by the State, not on the elements of the offenses. This court applied the 
Corbin
 test in 
People v. Stefan
, 146 Ill. 2d 324, 336 (1992). 
Corbin
, however, was subsequently overruled in 
United States v. Dixon
, 509 U.S. 688, 704, 125 L. Ed. 2d 556, 573, 113 S. Ct. 2849, 2860 (1993). While we have not explicitly rejected the application of the 
Corbin
 test after the issuance of 
Dixon
, we have consistently stated that we will interpret our state constitution based on the United States Supreme Court’s construction of similar provisions in the federal constitution, unless the language of our provisions or the committee reports and debates of our constitutional convention demonstrate that an alternative construction was intended. 
People v. DiGuida
, 152 Ill. 2d 104, 118 (1992).

Here, the applicable language is similar, and, indeed, we have previously relied on Supreme Court decisions to interpret our own state double jeopardy provision. See 
Stefan
, 146 Ill. 2d at 335-36. Thus, we take this opportunity to reject explicitly the 
Corbin
 test and to readopt the 
Blockburger
 same-elements test as the proper means of examining potential violations of the Illinois double jeopardy clause.

The 
Blockburger
 test emphasizes the elements of the two crimes. 
Brown v. Ohio
, 432 U.S. 161, 166, 53 L. Ed. 2d 187, 194, 97 S. Ct. 2221, 2226 (1977). If each crime requires proof of a fact not required by the other, the 
Blockburger
 test is met, and the double jeopardy prohibition is not infringed, notwithstanding a significant overlap in the proof offered to establish the crimes. 
Brown
, 432 U.S. at 166, 53 L. Ed. 2d at 194, 97 S. Ct. at 2226. Thus, under 
Blockburger
, the prosecution of a lesser-included offense prevents a subsequent prosecution on the greater offense since, by definition, a lesser-included offense requires no proof beyond what is required for the greater offense. 
Brown
, 432 U.S. at 167-69, 53 L. Ed. 2d at 195-96, 97 S. Ct. at 2226-27. With these principles in mind, we now turn to the facts at hand.

I

Prior to applying the 
Blockburger
 test, we must decide whether defendant’s reckless homicide prosecution is based on a different act than his reckless driving conviction. Under 
Blockburger
, if the prosecutions are predicated on different criminal acts, then the prohibition against double jeopardy is not violated. See 
Blockburger
, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182. If, however, there was only a single physical act, we must apply the 
Blockburger
 test to determine whether one charge is a less-included offense of the other.

Here, the State maintains that the reckless driving conviction and the reckless homicide charge at issue here were based on different acts. According to the State, the reckless driving conviction was based on improper stopping in traffic, failure to signal, improper lane usage, and traveling at more than 80 miles per hour. in a 55 miles per hour speed zone, while the reckless homicide charge is based on leaving the roadway, striking another vehicle, and causing the death of Jaruga. Defendant counters that the basis of both the reckless driving conviction and the reckless homicide charge is a continuous course of reckless conduct between mile markers 61 and 70. Defendant argues that his conduct thus cannot be subdivided into different acts.

The appellate court agreed with defendant, reasoning, in part, that defendant’s reckless conduct could not be separated into discrete physical acts because no intervening event divided the conduct into two acts. Rather, the conduct “occurred over a continuous interval of time.” 331 Ill. App. 3d at 74. Thus, the court rejected the State’s contention that there were separate acts of recklessness merely because defendant drove at an excessive speed on both the roadway and the associated off-ramp. 331 Ill. App. 3d at 74.

In reaching this conclusion, the appellate court expressly drew upon this court’s definition of an “act,” namely, an overt or outward manifestation that will support a different offense. See 
People v. King
, 66 Ill. 2d 551 (1977). The court also relied on appellate court precedent listing the following factors as relevant to an analysis of whether there are one or more acts underlying the charges: (1) whether the defendant’s actions were interposed by an intervening event; (2) the time interval between the successive parts of the defendant’s conduct; (3) the identity of the victim; (4) the similarity of the acts performed; (5) whether the conduct occurred in the same location; and (6) the prosecutorial intent, as shown by the wording of the charging instruments. 
People v. Moss
, 274 Ill. App. 3d 77, 83 (1995). The appellate court first enunciated these factors in 
People v. Baity
, 125 Ill. App. 3d 50 (1984), and has applied them in several subsequent decisions (see, 
e.g.
, 
People v. Cobern
, 236 Ill. App. 3d 300, 303-04 (1992); 
People v. Crum
, 183 Ill. App. 3d 473, 490 (1989); 
People v. Ellis
, 143 Ill. App. 3d 892, 895-96 (1986); 
People v. Hope
, 142 Ill. App. 3d 171, 176 (1986); 
People v. Horne
, 129 Ill. App. 3d 1066, 1074 (1984)).

At the outset, we note that we have previously cautioned the appellate court not to rely too heavily on the above-cited factors. See 
People v. Rodriguez
, 169 Ill. 2d 183, 188 (1996) (“a court must not lose sight of the forest for the trees” since the definition of an “ ‘act’ under the 
King
 doctrine remains simply *** ‘any overt or outward manifestation which will support a different offense’ ”), quoting
 King
, 66 Ill. 2d at 556. In 
Rodriguez
, we did not, however, comment on “the merits of the six-factor test enunciated in 
Baity
.” 
Rodriguez
, 169 Ill. 2d at 188. While we continue to advocate the 
King
 doctrine as the guiding principle on this issue, we acknowledge the utility of the six-factor test in many instances. Finding that test particularly useful in cases such as the one at bar, we employ it here.

In considering the first two factors, the presence of any intervening event and the timing of defendant’s acts, we note that defendant was convicted of driving his motorcycle recklessly due, in part, to driving at a speed of more than 80 miles per hour in a 55 mile-per-hour zone and that the reckless homicide charge was likewise premised on speeding. During this time, defendant did not make any stops or otherwise vary his actions. After driving recklessly on the highway itself, defendant continued this same course of conduct onto the off-ramp of the highway, where he ultimately collided with a van, causing the death of his passenger. From this sequence of events, it is apparent that defendant’s conduct was not interrupted by any intervening event and occurred over an unbroken time interval.

The third factor, the identity of the victim, is not helpful in this case because only the reckless homicide charge involves a specified victim. As for the fourth factor, the conduct underlying the two offenses was virtually identical, with defendant’s excessive speed being an essential component of both the reckless driving conviction and the reckless homicide charge. The evidence indicates that defendant’s conduct did not vary significantly during the period of time prior to the collision with the other vehicle that caused the death of defendant’s passenger.

The fifth factor considers the location of the relevant conduct. The State argues that the reckless driving charge was based on conduct that occurred on the highway, while the reckless homicide charge relies on conduct that occurred in a different location, namely, the off-ramp associated with that portion of the highway. We disagree. The traffic ticket issued to defendant alleged a series of violations between mile markers 61 and 70. Defendant’s motion 
in
 
limine
 alleged that the off-ramp where the accident occurred was between these mile markers, approximately 200 feet before mile marker 70. The State does not dispute the accuracy of this allegation. Thus, it appears the traffic ticket was alleging 
all
 of the reckless driving over the nine miles leading up to the accident on the off-ramp. We discourage a hypertechnical approach to parsing this factor and believe the locations were sufficiently related to support a finding of a single, continuous act in this case.

Finally, the sixth factor examines the wording of the reckless driving ticket. This language evinces a clear intent to base the infraction in significant part, if not primarily, on defendant’s excessive speed. Indeed, defendant’s traffic citation specified that he was “traveling at 80 m.p.h. 
plus
 in a 55 m.p.h. zone.” (Emphasis added.) The indictment for reckless homicide likewise alleged that defendant’s “speed *** was greater than the posted speed limit and *** was greater than was reasonable and proper with regard to the existing traffic conditions and the safety of persons properly upon the roadway.” Overall, application of the test to the facts at hand leads us to the same conclusion reached by the appellate court: defendant’s reckless driving conviction and reckless homicide charge arise from the same act.

II

Having concluded that the prosecutions are predicated on the same act, we must now determine under 
Blockburger
 whether reckless driving is a lesser-included offense of reckless homicide. The State maintains reckless driving is not a lesser-included offense of reckless homicide, contending that the mental states of the two offenses are different. The State further argues that, because reckless homicide requires that a death result from the defendant’s conduct and reckless driving does not contain that requirement, reckless driving is not a lesser-included offense of reckless homicide. Defendant responds that the requisite mental states for each offense are equivalent under Illinois law and that the additional element necessary to prove reckless homicide is irrelevant since reckless driving has no additional element of proof.

Turning to the applicable statutory language, a defendant commits the offense of reckless driving by operating “any vehicle with a willful or wanton disregard for the safety of persons or property.” 625 ILCS 5/11–503(a) (West 2000). Similarly, a defendant commits the offense of reckless homicide by “unintentionally” causing the death of an individual through operation of a motor vehicle while engaging in “acts *** [that] are likely to cause death or great bodily harm *** and [are] perform[ed] *** recklessly.” 720 ILCS 5/9–3 (West 2000). Under the Criminal Code of 1961 (720 ILCS 5/1–1 (West 2000)), “[a]n act performed recklessly is performed wantonly, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning.” 720 ILCS 5/4–6 (West 2000). Thus, contrary to the State’s argument, the mental states of the two offenses are equivalent.

As noted by the appellate court, “[t]he only difference between the two offenses is that reckless homicide requires that a death result from the defendant’s conduct, while reckless driving does not.” 331 Ill. App. 3d at 76. The elements of reckless driving are necessarily included in the proof required for a charge of reckless homicide. Moreover, the reckless driving statute contains no elements that are not also included in a reckless homicide charge. Therefore, reckless driving is a lesser included offense of reckless homicide, and a conviction for the former bars a subsequent prosecution for the latter under fundamental principles of double jeopardy.

CONCLUSION

After applying the relevant six-factor test, we conclude that the reckless homicide charge and reckless driving conviction are both based on the same physical act. Moreover, because the offense of reckless driving does not contain any element not present in the offense of reckless homicide, we hold that reckless driving is a lesser-included offense of reckless homicide. Defendant’s prosecution for reckless homicide is barred by the prohibition against double jeopardy. We, therefore, affirm the decision of the appellate court, reversing the trial court’s denial of defendant’s motion to dismiss.

Affirmed
.