2020 IL App (2d) 180207-U
No. 2-18-0207
Order filed August 25, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-1023 |
| STEPHEN LEE, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant's multiple convictions for aggravated reckless driving and aggravated battery were based on the same act of striking the victim with a motor vehicle, this court, applying the one-act, one-crime rule, would vacate all convictions except the conviction for the most serious offense, which in this case was aggravated battery causing great bodily harm.

¶ 2    Defendant, Stephen Lee, appeals his convictions for aggravated reckless driving causing great bodily harm (625 ILCS 5/11-503(a)(1) (West 2014)), aggravated battery causing great bodily harm (720 ILCS 5/12-3.05(a)(1) (West 2014)), aggravated battery on a public way (*id.* § 12-3.05(c)), and aggravated battery with a deadly weapon (*id.* § 12-3.05(f)(1)) in connection with a

motor vehicle collision that caused great bodily harm to the victim, Paul Elam. He contends that the convictions should have merged into one aggravated battery conviction under the one-act, one-crime rule because they were all based on the same act of striking Elam with his vehicle. He further asks that, considering judicial economy and limits on court appearances because of COVID-19, we determine which offense was the most serious. We agree and vacate the aggravated reckless driving conviction, the aggravated battery on a public way conviction, and the aggravated battery with a deadly weapon conviction.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with three counts of aggravated battery, each alleging that he committed a battery to Elam by striking him with his vehicle. The reckless driving charge alleged that defendant drove with a willful and wanton disregard for the safety of the people around him by striking Elam with his vehicle. Evidence at defendant's jury trial showed that defendant and Elam were neighbors and did not have a friendly relationship. On April 23, 2014, Elam was walking in the street and saw Lee approaching in his vehicle. Elam felt that there was room for the vehicle to go around him. Defendant struck Elam with his vehicle, causing serious injuries, including a traumatic brain injury. There was evidence that defendant stopped the vehicle before hitting Elam, but then the vehicle moved forward and veered to the right, hitting him. The jury found defendant guilty on all counts.

¶ 5      The trial court sentenced defendant to 30 months of probation. The court noted that the sentences would be concurrent and listed all four convictions on the sentencing order. Defendant did not file a motion to reconsider and did not argue that the convictions violated the one-act, one-crime rule. He appeals.

¶ 6                                    II. ANALYSIS

¶ 7    Defendant contends that his conviction of aggravated reckless driving and two of his aggravated battery convictions should be vacated under the one-act, one-crime rule because the convictions were all based on the same act of striking Elam with defendant's vehicle.  The State concedes that two of the battery convictions should be vacated but argues that the reckless driving conviction should stand.

¶ 8    Defendant concedes that he forfeited the matter by failing to raise it in the trial court.  See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988).  However, the parties agree on appeal that a violation of the one-act, one-crime rule affects the integrity of the judicial process, such that second-prong plain error will apply.  *People v. Coats*, 2018 IL 121926, ¶ 10.

¶ 9    Whether a violation of the one-act, one-crime rule has occurred is a question of law, which we review *de novo*.  *Id.* ¶ 12.

> "Analysis under the one-act, one-crime doctrine involves two steps: determining (1) whether the defendant's conduct involved a single act (in which case multiple convictions are improper) or multiple acts, and, (2) if multiple acts, whether any of the offenses were lesser included offenses (in which case multiple convictions are improper)."
>
> *People v. Stanford*, 2011 IL App (2d) 090420, ¶ 33.

Defendant does not argue that a lesser-included-offense analysis applies and instead argues only that the conduct was a single physical act.

¶ 10    The definition of an "act" is "any overt or outward manifestation which will support a different offense."  *People v. King*, 66 Ill. 2d 551, 566 (1977).  "Under the one-act, one-crime rule, multiple convictions may not be based on the same physical act."  *People v. King*, 2017 IL App (1st) 142297, ¶ 22 (citing *King*, 66 Ill. 2d at 566).  The acts to be considered in applying the one-

act, one-crime rule are the defendant's culpable acts as opposed to noncriminal acts. *People v. DiPace*, 354 Ill. App. 3d 104, 116 (2004).

¶ 11    While *King* presents the "guiding principle" in defining an "act," our supreme court has acknowledged the utility of several factors to determine whether one act or multiple acts occurred. *People v. Sienkiewicz*, 208 Ill. 2d 1, 8 (2003).  These factors include:

> "(1) whether the defendant's actions were interposed by an intervening event; (2) the time interval between the successive parts of the defendant's conduct; (3) the identity of the victim; (4) the similarity of the acts performed; (5) whether the conduct occurred in the same location; and (6) the prosecutorial intent, as shown by the wording of the charging instruments." *Id.* at 7.

Prosecutorial intent is significant "in determining whether the defendant's conduct constituted separate acts capable of supporting multiple convictions." *People v. Pulgar*, 323 Ill. App. 3d 1001, 1011 (2001).

¶ 12    Here, the convictions were all based on the same act of striking Elam with defendant's vehicle.  There were no separate acts alleged.  The State contends that the aggravated reckless driving conviction was based on a different act because it required proof of the act of driving with a willful and wanton disregard for the safety of others, which is not included in the offense of battery.  But the culpable act alleged was defendant driving with a willful and wanton disregard for the safety of others "in that he stuck Paul Elam with his vehicle."  Likewise, each battery count alleged that the battery occurred when defendant stuck Elam with his vehicle.  Thus, the same culpable act of defendant striking Elam with his vehicle was the basis for the aggravated reckless driving conviction and the three aggravated battery convictions.  The indictment did not demonstrate the State's intent to treat the conduct as multiple separate acts when each charge

alleged that defendant committed the crime by striking Elam with his vehicle and no separate acts were alleged. See *People v. Crespo*, 203 Ill.2d 335, 345-46 (2001). Accordingly, the multiple convictions violated the one-act, one-crime rule.

¶ 13    "When multiple convictions of greater and lesser offenses are obtained for offenses arising from a single act, a sentence should be imposed on the most serious offense and the convictions on the less serious offenses should be vacated." *People v. Garcia*, 179 Ill. 2d 55, 71 (1997). Defendant was convicted of Class 4 felony aggravated reckless driving (625 ILCS 5/11-503(a)(1), (c) (West 2014)) and three Class 3 felony battery offenses (720 ILCS 5/12-3.05(h) (West 2014)). Thus, we vacate the lesser aggravated reckless driving conviction.

¶ 14    As to the remaining battery convictions, two should be vacated. Defendant initially requested, and the State agreed, that the matter be remanded for that determination. However, in his reply brief, defendant asks this court to make that determination considering judicial economy, COVID-19, and trial court social-distancing procedures that limit in-person appearances.

¶ 15    Our supreme court has instructed that, to determine which offense is the most serious, a court must consider the plain language of the statutes, as common sense dictates that the legislature would prescribe greater punishment for the offense it deems the more serious. *In re Samantha V.*, 234 Ill. 2d 359, 379-80 (2009). If the punishments are identical, we are instructed to consider which offense has the more culpable mental state. *Id.* Aggravated battery that causes great bodily harm, aggravated battery on a public way, and aggravated battery with a deadly weapon are all Class 3 felonies and all require that the accused acted knowingly when committing the offense. 720 ILCS 5/12-3.05(a)(1), (c), (f)(1), (h) (West 2014); see *In re Samantha V.*, 234 Ill. 2d at 379. In *Samantha V.*, when the offenses shared the same mental state such that the court could not determine which was the more serious offense, our supreme court remanded the matter to the trial

court for that determination. *In re Samantha V.*, 234 Ill. 2d at 379-80. However, *Samantha V.* was a juvenile case where the finding of delinquency was based on accountability. Here, defendant personally caused the injuries. Also, the offense of aggravated battery causing great bodily injury was more reflective of the serious injuries that Elam suffered. We have the authority to enter any judgment that ought to have been made. Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994). Accordingly, we vacate defendant's aggravated battery convictions, except for aggravated battery causing great bodily harm.

¶ 16                                          III. CONCLUSION

¶ 17     For the reasons stated, we vacate defendant's aggravated reckless driving conviction and his convictions of aggravated battery on a public way and aggravated battery with a deadly weapon.

¶ 18     Vacated in part.