2025 IL App (2d) 230542-U
No. 2-23-0542
Order filed January 24, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CF-757 |
| MICHAEL W. McNEIL, | ) ) | Honorable Marcy L. Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices Jorgensen and Mullen concurred in the judgment.

**ORDER**

¶ 1 *Held*: By pleading guilty, defendant waived his postconviction claims that his separate convictions for possession of the same handgun violated the one-act, one-crime rule and infringed double jeopardy protections. Alternatively, the claims lacked merit because the instances of possession occurred in different counties two weeks apart and were separated by defendant's intervening act of fleeing the scene of a shooting and transporting the gun to a different county.

¶ 2 Defendant, Michael W. McNeil, appeals *pro se* from the summary dismissal of his *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) for relief from his conviction of armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a)(1) (West 2020)), which was entered per a negotiated guilty plea. For the reasons that follow, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On March 25, 2022, the State indicted defendant on the offenses of AHC (*id.*), aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), unlawful possession of ammunition by a felon (*id.* § 24-1.1(a)), and unlawful possession of a weapon by a felon (UPWF) (*id.*). The charges stemmed from an incident in De Kalb County on December 24, 2020.

¶ 5     On June 7, 2023, the State presented the trial court with the terms of a negotiated plea agreement. Per the agreement, defendant would plead guilty to AHC in exchange for a nine-year prison sentence, to be served at 85%, which "would be followed by three years of mandatory supervised release [(MSR)]." Defendant would receive credit for 468 days served. In addition, the State would dismiss the remaining charges, along with charges in case Nos. 19-CF-578 and 19-CM-1003. Also, a pending postsentencing matter in case No. 18-CM-1283 would be "discharged unsatisfactorily and closed."

¶ 6     The trial court admonished defendant as required by Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). During the admonishments, the court told defendant that he was pleading guilty to one count of AHC, a Class X felony, that he faced a prison sentence of 6 to 30 years and an extended term of up to 60 years, and that he was not eligible for probation. The court also told defendant that (1) the prison term would be served at 85%, (2) he would serve a three-year MSR term, and (3) he could be fined up to $25,000. Defendant indicated his understanding of the Rule 402(a) admonishments. Defendant further indicated his understanding of and agreement with the terms of the negotiated plea agreement. At one point, defendant inquired through counsel as to whether his sentence would run concurrently with a previously imposed sentence in Ogle County (as the record later indicated, the Ogle County case was No. 21-CF-10, in which defendant received a seven-year prison sentence for UPWF (the Ogle County case)). The State confirmed

that the sentences would be concurrent. Defendant affirmed that he wished to plead guilty, that no one was forcing him to plead guilty, and that no one promised him anything in exchange for his guilty plea other than the terms of the agreement as stated.

¶ 7     The State then presented the factual basis for the guilty plea as follows. Witnesses would testify that on December 24, 2020, defendant planned to visit his daughter, who was living with her mother, Josalyn Warfield, and give her a Christmas gift. Warfield was not at home, so she contacted her boyfriend, Cardell Howard, to let him know that defendant was on his way. Defendant and Howard had a "prior history," so Howard intended to leave. Defendant arrived before Howard could leave, and the two men argued. Defendant pulled out a gun, and Howard ran. A shot was fired, and police later recovered a .45 caliber casing. Both Howard and Warfield identified defendant as the person who was present. Later, in Rochelle in Ogle County, defendant was found with a firearm, which was ballistically matched to the .45 caliber casing found at the scene in De Kalb County. As for defendant's prior criminal history, the State stated: "[D]efendant has previously been convicted *** in 1993 of attempt murder and in 2010 of armed habitual criminal. *** I can give the [c]ourt additional criminal history. There's one other felony in 2005, which was a felon use of [a] firearm." Defense counsel stipulated to the factual basis and criminal history.

¶ 8     The trial court found that the factual basis supported the guilty plea and that the proposed plea agreement was appropriate given defendant's criminal history. The court further found that defendant's guilty plea was knowingly, understandingly, and voluntarily entered. The court accepted defendant's guilty plea, entered judgment on one count of AHC, and sentenced defendant per the agreement.

¶ 9     The trial court then admonished defendant of his appeal rights under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), including that, if he wished to appeal, he must first file, within 30 days, a written motion to withdraw his guilty plea, stating all the reasons that he wished to do so. The court further explained that any reasons for withdrawing the plea not included in the motion would be deemed waived for purposes of appeal. Defendant indicated that he understood.

¶ 10    Defendant did not file a motion to withdraw his guilty plea or a notice of appeal.

¶ 11    On July 25, 2023, defendant filed a *pro se* motion titled "Motion for Order *Nunc Pro Tunc*, for a Motion to Reduce Sentence Pursuant [to] 730 ILCS 5/5-4, 50(D) & Supreme Court Rule 604(D), 615(A) Plain Error Doctrine, Due Process Under Illinois State Constitution Article I, Section 2 of 1970." Defendant claimed that he was not admonished that the three-year MSR term would be served in addition to the nine-year sentence to which he agreed. Thus, he argued that the mittimus must be corrected to reflect a prison sentence of six years.

¶ 12    While that motion was pending, on August 11, 2023, defendant filed a *pro se* petition under the Act. In his petition, defendant explained that the Ogle County case stemmed from a January 7, 2021, arrest where defendant was a passenger in a vehicle that was stopped by police. At that time, there was a warrant for his arrest in De Kalb County related to the offenses in the present case. The police found a gun in the glove box of the vehicle, and defendant was charged with possession of that gun. That same gun was the basis of the AHC charge in the present case. As noted, defendant's nine-year prison sentence was ordered to run concurrently with the seven-year sentence imposed in the Ogle County case.

¶ 13    Defendant raised four claims in his petition. First, he claimed that the State violated his right to be free from double jeopardy by prosecuting defendant for AHC in De Kalb County after he was charged and sentenced "for the same gun" in the Ogle County case. Second, he claimed

that his conviction of AHC violated the one-act, one-crime rule because he was convicted of AHC and UPWF based on the same gun. Third, he claimed he was subjected to improper double enhancement because his UPWF charge in Ogle County formed the basis of his AHC offense in De Kalb County. Finally, defendant claimed that De Kalb County "lacked jurisdiction" to prosecute him after he was already prosecuted in Ogle County for the same gun. Defendant attached to his petition three exhibits: (1) a transcript of police officer testimony describing the January 7, 2021, arrest; (2) documents purportedly showing "The Forensic Testing of [the] Gun Found"; and (3) judgment orders for the present case and the Ogle County case showing that concurrent sentences were imposed.

¶ 14 On November 6, 2023, the trial court ruled on both *pro se* pleadings. The court dismissed defendant's postconviction petition after finding it "without legal merit" and "frivolous." The court reasoned that (1) defendant's claims were waived because he was represented by counsel at the plea hearing, filed no motions regarding any of the issues raised in his petition, and filed no motion to withdraw his guilty plea; and (2) the claims were "nonfactual, nonspecific and merely amount[ed] to conclusions." The court denied defendant's motion for an order *nunc pro tunc*, finding that the mittimus correctly reflected defendant's sentence.

¶ 15 Defendant timely appealed. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant. On April 18, 2024, OSAD moved to withdraw as counsel, asserting that the appeal presented no potentially meritorious issues for review. Defendant filed a response to the motion, in which he requested to proceed *pro se*. Thus, based on defendant's request, we allowed OSAD to withdraw and granted defendant's motion to proceed *pro se*.

¶ 16                                    II. ANALYSIS

¶ 17    Defendant's *pro se* appellate brief is confined to three arguments. First, he contends that his plea counsel was ineffective in that "counsel['s] erroneous advice lead [*sic*] [him] to plead guilty to 9 years plus 3 years MSR" when defendant "believed his sentence was 9 years total, meaning 6 years at 85% plus 3 years MSR." According to defendant, counsel's erroneous advice rendered the guilty plea invalid. Defendant further argues that counsel compounded his ineffectiveness by failing to file a motion to withdraw the guilty plea. Second, defendant argues that his AHC conviction violated his right to be free from double jeopardy. Third, defendant contends that his AHC conviction violated the one-act, one-crime rule.

¶ 18    In response, the State contends that defendant has forfeited or waived his claims. The State alternatively argues that defendant's claims fail on the merits.

¶ 19    The Act provides a statutory remedy for criminal defendants who claim a violation of their constitutional rights. *People v. Edwards*, 2012 IL 111711, ¶ 21. Under the Act, the trial court independently reviews the postconviction petition within 90 days of its filing to determine if it "is frivolous or is patently without merit" (725 ILCS 5/122-2.1(a)(2) (West 2022)), in which case the petition shall be summarily dismissed. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). "A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Tate*, 2012 IL 112214, ¶ 9; *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Hodges*, 234 Ill. 2d at 16. The summary dismissal of a postconviction petition is subject to *de novo* review. *People v. Hatter*, 2021 IL 125981, ¶ 24.

¶ 20    We first address the State's argument that defendant has forfeited his ineffectiveness claim by failing to raise it in his postconviction petition. We agree. Section 122-3 of the Act provides

that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2022). Our supreme court made clear in *People v. Jones*, 213 Ill. 2d 498, 508 (2004), that appellate courts are "not free, as [the supreme] court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate [forfeiture] caused by the failure of a defendant to include issues in his or her postconviction petition." Thus, we have no authority to overlook a defendant's forfeiture when he raises a claim not made in his postconviction petition for the first time on appeal. *People v. Williams*, 2015 IL App (1st) 131359, ¶ 14. Accordingly, we do not consider defendant's claim that his plea counsel was ineffective.

¶ 21    We turn to defendant's remaining arguments. The State contends that defendant has waived these arguments by failing to raise them in the trial court (aside from in his postconviction petition) or on direct appeal. Again, we agree. By pleading guilty, defendant waived all claims of error, including constitutional claims. See *People v. Jones*, 2021 IL 126432, ¶ 20. Moreover, defendant's failure to file a motion to withdraw his guilty plea per Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. July 1, 2017)) resulted in a procedural default. Under Rule 604(d), defendant had 30 days from the imposition of the sentence to challenge the plea by filing a motion to withdraw the plea and vacate the judgment—and "any issue not raised by the defendant in the motion to *** withdraw the plea of guilty and vacate the judgment shall be deemed waived." *Id.* See *People v. Stewart*, 123 Ill. 2d 368, 374 (1988) ("[B]y its explicit terms, Rule 604(d) states that issues not preserved in a motion to vacate a guilty plea are waived. The waiver rule applies to post-conviction proceedings as well as to appeals."); see also *Jones*, 2021 IL 126324, ¶ 26 (postconviction claim that sentence was unconstitutional under juvenile sentencing norms of *Miller v. Alabama*, 567 U.S. 460 (2012), was waived by guilty plea where the defendant had failed to move to withdraw his guilty plea); *People*

*v. Thrailkill*, 2023 IL App (2d) 210605-U, ¶¶ 21-22 (where the defendant had failed to move to withdraw his guilty plea, we addressed only those postconviction claims that could not have been raised in the motion to withdraw)[1]; *People v. Vilces*, 321 Ill. App. 3d 937, 941 (2001).

¶ 22    Waiver aside, defendant's claims are meritless. Defendant argues that his De Kalb County AHC conviction (1) infringes double jeopardy protections because he was "formerly prosecuted for the same offense based upon the same facts" and (2) violates the one-act, one-crime rule because his "UPWF [conviction] merged into a conviction of AHC, *** [and] both convictions were based off the same warrant and gun."

¶ 23    "The double jeopardy clause of the fifth amendment to the United States Constitution, made applicable to the states through the fourteenth amendment, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' " *People v. Bellmyer*, 199 Ill. 2d 529, 536-37 (2002) (quoting U.S. Const., amend. V). The Illinois Constitution similarly precludes any person from being "twice put in jeopardy for the same offense." Ill. Const. 1970, art. I, § 10. The double jeopardy clause bars three specific governmental actions: "(1) prosecution for the identical offense after an acquittal, (2) prosecution for the identical offense after a conviction, and (3) the imposition of more than one punishment for the same offense." *People v. Avendano*, 2023 IL App (2d) 220176, ¶ 56.

¶ 24    The one-act, one-crime rule enforces the third double jeopardy prohibition: that a person should not suffer multiple punishments for the same act. *Id.* Under the one-act, one-crime rule, a defendant may not be convicted of more than one offense "carved from the same physical act."

---

[1]Cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) ("a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes").

*People v. King*, 66 Ill. 2d 551, 566 (1977). In this context, "act" means "any overt or outward manifestation which will support a different offense." *Id.*

¶ 25 "Our supreme court defines an 'act' in the context of double jeopardy the same as it does in the context of the one-act, one-crime doctrine, that is, an 'outward manifestation that will support a different offense.' " *People v. Flaar*, 366 Ill. App. 3d 685, 688 (2006) (quoting *People v. Sienkiewicz*, 208 Ill. 2d 1, 7 (2003), and citing *King*, 66 Ill. at 566). " 'If the prosecutions are predicated on different criminal acts, then the prohibition against double jeopardy is not violated.' " *People v. Dinelli*, 217 Ill. 2d 387, 404 (2005) (quoting *Sienkiewicz*, 208 Ill. 2d at 6).

¶ 26 As the State notes, in determining whether a double jeopardy violation has occurred, the preliminary question is whether the prosecutions are based on different criminal acts. *Id.* Although the *King* approach continues to be the "guiding principle" on the issue of whether there was a single physical act, the supreme court has recognized the utility of a six-factor test. *Sienkiewicz*, 208 Ill. 2d at 8. Under that test, the following six factors are "useful in certain circumstances" when considering whether there was a single act underlying more than one criminal charge: (1) whether an intervening act interposed the defendant's acts, (2) the time between the successive parts of the defendant's conduct, (3) the identity of the victim, (4) the similarity of the acts performed, (5) whether the conduct occurred in the same location, and (6) the prosecutorial intent, as shown by the language of the charging instrument. *Dinelli*, 217 Ill. 2d at 404.

¶ 27 Here, factors (1), (2), and (5) weigh heavily in favor of finding that the two prosecutions were predicated upon two separate acts. Defendant committed AHC with the gun during a shooting on December 24, 2020, in De Kalb County. Two weeks later, on January 7, 2021, he was stopped in Ogle County and found in possession of the gun. These two instances of possession were separated by defendant's intervening act of fleeing the scene of the shooting and transporting the

gun from one county to another. To be sure, both charges—AHC and UPWF—stemmed from an act of possession and, thus, factors (4) and (6) arguably favor defendant. (We note that there was no victim alleged in either charge, so factor (3) does not lean in either direction.) Nevertheless, given the extended length of time between the acts, the different locations where each act occurred, and defendant's intervening act of fleeing the scene of the AHC offense and transporting the gun to another county, it is evident that two separate acts of possession—supporting separate convictions—occurred. Thus, we find no double jeopardy or one-act, one-crime violation.

¶ 28     Accordingly, we hold that (1) defendant has forfeited his claim of ineffective assistance of counsel by failing to raise it in his postconviction petition and (2) the trial court properly summarily dismissed defendant's petition as frivolous and patently without merit.

¶ 29                                    III. CONCLUSION

¶ 30     For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 31     Affirmed.