In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1786

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DONALD LEACH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:09-CR-00070—**Robert L. Miller, Jr.**, *Judge.*

ARGUED OCTOBER 18, 2010—DECIDED MAY 3, 2011

Before POSNER and WOOD, *Circuit Judges*, and ADELMAN, *District Judge.**

WOOD, *Circuit Judge.* Donald Leach moved from Indiana to South Carolina in late 2008 without promptly notifying government officials in either state. This would be unremarkable if Leach had not been convicted of a

---

* The Hon. Lynn S. Adelman, United States District Court for the Eastern District of Wisconsin, sitting by designation.

sex offense in 1990, but he had. That conviction triggered a requirement pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), to register with Indiana and South Carolina authorities when he moved across state lines. Unbeknownst to Leach, an anonymous caller reported to Indiana officials that Leach had moved out of state shortly after his departure. In February 2009, Leach tardily passed the same information along to the Indiana child support enforcement office. At no time did he register with the authorities in South Carolina. The following week, a deputy United States Marshal and a local officer arrested Leach, who was then returned to Indiana, where he was indicted for knowingly failing to register as a sex offender after traveling in interstate commerce in violation of SORNA. Leach moved to dismiss his indictment, arguing that SORNA violates the Ex Post Facto Clause of the United States and Indiana Constitutions. The district court denied Leach's motion to dismiss, and Leach entered a conditional guilty plea while preserving his right to appeal that sole issue. We find no *ex post facto* violation and affirm the judgment of the district court.

## I

The material facts in this case are not disputed. Donald Leach was convicted of child molestation, a Class C felony under Indiana law, on April 11, 1990. Just before his release from prison in 1994, Indiana's first sex offender registration statute went into effect. Although the state

law obliged Leach to register upon his release from prison, he failed to register at that time. In 2004, Leach was again released from an Indiana prison on an unrelated theft conviction. At that time, Leach signed State Form 46656, "Notification of Requirement to Register with Law Enforcement as Sex/Violent Offender." He registered that year with the Wabash County Sheriff's Department. In 2007, he signed a similar form reiterating Indiana's registration requirements and specifying that if he changed his residence he would be required to register in his new county of residence within three working days. On September 9, 2008, Leach registered again with the Wabash County Sheriff's sex offender registration office. When he moved to South Carolina later that year, however, Leach failed to update his registration with Indiana authorities or register in South Carolina.

On July 27, 2006, Congress passed SORNA "to protect the public from sex offenders" by establishing a "comprehensive national system for the registration of those offenders" as part of the Adam Walsh Child Protection and Safety Act of 2006. See 42 U.S.C. § 16901. SORNA imposes a federal obligation on all sex offenders to register in each jurisdiction where he resides, works, and goes to school. § 16913(a). (We understand this to require registration in each of these places, if they are different; it would make no sense to think that registration is necessary only if all three happen to be in the same jurisdiction.) The statute makes it a federal crime for any person who is required to register and travels in interstate commerce knowingly to fail to register or

update a registration. 18 U.S.C. § 2250(a). The government charged Leach for a knowing failure to register and update his registration after traveling in interstate commerce from January 6, 2009, to February 20, 2009. Leach conditionally pleaded guilty to the single-count indictment and the district court imposed a 27-month term of imprisonment and three years of supervised release. This appeal followed.

## II

### A

As a preliminary matter, the district court correctly concluded that venue was proper in the Northern District of Indiana even though Leach was arrested in South Carolina. Some may find this surprising, since the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ." U.S. CONST. amend. VI. For purposes of SORNA, however, a sex offender violates the statute only when he travels across state lines and fails to register. See *Carr v. United States*, 130 S. Ct. 2229, 2240 (2010) (observing that the "act of travel" is more than a "jurisdictional predicate" for § 2250, it is "the very conduct at which Congress took aim"). Federal law says that any offense "begun in one district and completed in another, or committed in more than one district," may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). SORNA re-

quired Leach to update his registration with Indiana authorities when he left the state, see § 16913(c), and register with South Carolina authorities when he established a residence there, see § 16913(a). Venue was proper in Indiana, as it would have been in South Carolina if the government had opted to prosecute there. See *United States v. Howell*, 552 F.3d 709, 718 (8th Cir. 2009).

B

Leach spends considerable effort arguing that SORNA violates the Ex Post Facto Clause of the Indiana Constitution. In support, he relies on the Indiana Supreme Court's recent opinion invalidating portions of the Indiana sex offender registration statute on state constitutional grounds. See *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009). But the question before us is not whether Indiana has adopted a compliant registration system (an issue relating only to its entitlement to certain federal funds, see *Carr*, 130 S. Ct. at 2232), nor is it whether SORNA—a federal statute—"complies" with the law of any particular state. The Supremacy Clause establishes that state constitutional provisions cannot override federal statutes. See U.S. CONST. art. VI, cl. 2; see also *United States v. Baer*, 235 F.3d 561, 562 (10th Cir. 2000). And even if Indiana's system were flawed (a point on which we express no opinion), Leach was also required to register in South Carolina and did not. We are thus left only with Leach's argument that SORNA violates the Ex Post Facto Clause of the United States Constitution. We review a challenge to the constitutional validity of

a federal statute *de novo. United States v. Sidwell*, 440 F.3d 865, 870 (7th Cir. 2006).

The Ex Post Facto Clause, U.S. CONST. art. I, § 9, cl. 3, prohibits retroactive punishment. The Supreme Court has held that "the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood,* 497 U.S. 37, 41 (1990); see also *O'Grady v. Village of Libertyville*, 304 F.3d 719, 723 (7th Cir. 2002). The Court has emphasized the restriction of the Clause to penal statutes, see *Kansas v. Hendricks*, 521 U.S. 346, 370 (1997), and thus a civil regulatory regime "will implicate *ex post facto* concerns only if it can be fairly characterized as punishment." See *Bae v. Shalala*, 44 F.3d 489, 492 (7th Cir. 1995). Logically there are only two conceivable ways in which one might argue that an *ex post facto* violation arises under SORNA: either Leach could contend that the criminal penalties under 18 U.S.C. § 2250(a) are retroactive, or he could assert that the registration requirements under 42 U.S.C. § 16913 constitute punishment. Leach has not clearly distinguished between the two approaches, and so we will consider each possibility in turn.

Section 2250(a) imposes up to ten years' imprisonment for failure to comply with SORNA's registration requirements. This is certainly a penal statute, and so the only question is whether it is retrospective. A sex offender violates the statute when, at any time *after* SORNA was enacted, he travels in interstate commerce and then fails to register. See *Carr*, 130 S. Ct. at 2232-33. Because the law

targets only the conduct undertaken by convicted sex offenders after its enactment, it does not violate the Ex Post Facto Clause. See *Weaver v. Graham*, 450 U.S. 24, 29 (1981) (observing that a law "must apply to events before its enactment" to be *ex post facto*).

In fact, as we came to understand at oral argument, Leach is not actually arguing that § 2250(a) retrospectively targets conduct that was lawful before the statute was enacted. The crux of his point seems instead to be that obliging him to comply with the registration requirements imposed by 42 U.S.C. § 16913 effectively increases the punishment for his 1990 conviction. We recognize that SORNA imposes significant burdens on sex offenders who, like Leach, may have committed their crimes and completed their prison terms long before the statute went into effect. Leach must register in every jurisdiction where he lives, works, or goes to school; he must notify government officials within three business days of changing his residence; he must furnish the government with fingerprints, a photograph, a physical description of himself, vehicle identification information, and any other materials required by the Attorney General. 42 U.S.C. § 16913-14. All of these requirements are triggered without respect to the date of the convictions: federal guidelines say that an offender who was convicted before SORNA was enacted must comply with them. 28 C.F.R. § 72.3. But that does not make them retrospective: SORNA merely creates new, prospective legal obligations based on the person's prior history.

To violate the Ex Post Facto Clause, moreover, a law must be both retrospective *and* penal. But whether a comprehensive registration regime targeting only sex offenders is penal, as Leach concedes, is not an open question. In *Smith v. Doe*, 538 U.S. 84 (2003), the Supreme Court held that an Alaska sex offender registration and notification statute posed no *ex post facto* violation because it was a civil, rather than penal, statute. Citing *Smith*, we observed in *Dixon v. United States*, a case that did not squarely present the issue, that a defendant could not challenge SORNA's registration requirements on *ex post facto* grounds because the statute is, in fact, regulatory. 551 F.3d 578 (7th Cir. 2008), rev'd on other grounds *sub nom. Carr v. United States*, 130 S. Ct. 2229 (2010). Leach has not identified any aspects of SORNA's registration provisions that distinguish this case from *Smith*. This is unsurprising, since we too are unable to find any meaningful distinctions. Therefore, we join our sister circuits in concluding that SORNA is not an *ex post facto* law. See *United States v. DiTomasso*, 621 F.3d 17, 25 (1st Cir. 2010); *United States v. Guzman*, 591 F.3d 83, 94 (2d Cir. 2010); *United States v. Shenandoah*, 595 F.3d 151, 158-59 (3d Cir. 2010); *United States v. Gould*, 568 F.3d 459, 466 (4th Cir. 2009); *United States v. Young*, 585 F.3d 199, 203-06 (5th Cir. 2009); *United States v. May*, 535 F.3d 912, 919-20 (8th Cir. 2008); *United States v. George*, 625 F.3d 1124, 1131 (9th Cir. 2010); *United States v. Hinckley*, 550 F.3d 926, 936 (10th Cir. 2008); *United States v. Ambert*, 561 F.3d 1202, 1207 (11th Cir. 2009).

The judgment of the district court is AFFIRMED.