┌─────────────────────────────────────────────┐
│          **NONPRECEDENTIAL DISPOSITION**         │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2018[*]
Decided July 30, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2426

| | |
|---|---|
| PATRICK JAMES WERNER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CV-216 |
| CITY OF GREEN BAY, *Defendant-Appellee.* | Nancy Joseph, *Magistrate Judge.* |

**O R D E R**

Patrick Werner, a sex offender who is now incarcerated, challenges municipal ordinances that restricted where he could reside while he was on parole. The district court entered summary judgment for the City. Because the ordinances do not impose retroactive punishment and Werner was not deprived of due process, we affirm the judgment.

---

[*] We agreed to decide this case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Our decision in Werner's prior appeal recounts his struggle to secure housing as a sex offender. *See Werner v. Wall*, 836 F.3d 751 (7th Cir. 2016). As relevant here, Werner was convicted in 1999 of second-degree sexual assault of a child and attempted child enticement. Since being paroled initially in 2004, he has been reincarcerated at least four times for violating conditions of supervision. When Warner has not been incarcerated, his probation officers have required him to live in Brown County (Wisconsin), the county where he was convicted. *See id.* at 754; WIS. STAT. § 301.03(20)(a)(1). But Werner's housing options there have been limited since 2007, when the City of Green Bay enacted residency restrictions for sex offenders. *See* GREEN BAY MUN. CODE § 27.620 (repealed). The relevant ordinance prohibited sex offenders from residing within 2,000 feet of certain designated places where "children are known to congregate." It exempted residences that offenders share with relatives, and it contained procedures for seeking additional exemptions from the City's Sex Offender Residence Board.

On several occasions from 2009 to 2012, Werner sought permission to live at a particular halfway house within the restricted area. Each time the Sex Offender Residence Board, after a hearing, denied Werner's request. These denials affected Werner most significantly beginning in March 2010, when his inability to find appropriate housing resulted in his being detained in the Brown County Jail for more than a year beyond his scheduled release date. During that period, Werner was let out of jail for four hours each weekday to look for housing and employment, yet not until July 2011 did Werner finally secure housing in Bellevue, a village just outside of Green Bay. In 2012 Green Bay replaced its ordinance with a similar one that categorically exempts halfway houses from the residency restrictions. GREEN BAY MUN. CODE § 27.622. Werner later moved to the halfway house in Green Bay, where he lived until his most recent parole revocation in January 2013.

Werner alleges in this suit under 42 U.S.C. § 1983 that the application of these ordinances to him violates both the ex post facto clause of the Constitution and his right to procedural due process. A magistrate judge, presiding by consent, entered summary judgment for the City. The judge ruled that although the ordinances applied "retroactively to his convictions," that did not pose an ex post facto problem because the effects of the ordinance were not punitive. *See Smith v. Doe*, 538 U.S. 84, 92–106 (2003). The judge also rejected Werner's due-process claim, reasoning that he was not entitled to due process regarding the enactment of the ordinances, *see Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7–8 (2003), and Werner's hearings before the Sex Offender Residence Board comported with the basic requirements of due process, i.e., notice and an opportunity to be heard, *see Goss v. Lopez*, 419 U.S. 565, 579 (1975).

On appeal Werner maintains that the ordinances are impermissible ex post facto laws and violate his right to procedural due process. But we recently rejected nearly identical arguments in *Vasquez v. Foxx*, No. 17-1061, 2018 WL 3372403 (7th Cir. July 11, 2018). In *Vasquez* we considered a challenge to an Illinois statute that made it a felony for a sex offender to live within 500 feet of a day-care home. *Id.* at *1. After noting that "a statute is not an impermissible ex post facto law unless it is *both* retroactive *and* penal," *id*. at *3 (citing *United States v. Leach*, 639 F.3d 769, 773 (7th Cir. 2011)), we explained that the Illinois statute raised no ex post facto concerns because it had no retroactive effect at all; it applied "only to conduct occurring *after* its enactment— i.e., knowingly maintaining a residence within 500 feet of a child day-care home or group day-care home," *id.* After considering the factors in *Smith*, we added that the statute was not punitive. *Id.* at *3–5. And responding to the plaintiffs' procedural due-process argument that the statute was enforced against them without a hearing to assess whether they actually posed a threat to children, we concluded that no hearing was required because the statute applied to "*all* child sex offenders regardless of their individual risk of recidivism." *Id.* at *6.

Werner's challenges to the Green Bay ordinances fail for the same reasons. That the City of Green Bay enacted the ordinances after Werner's convictions does not pose an ex post facto problem because the ordinances have no retroactive effect. *See id.* at *3. Moreover, the penalty for violating the ordinance—a $500 fine—is minor compared to the possible three-year prison sentence faced by the plaintiffs in *Vasquez*, underscoring that the Green Bay ordinances were not punitive. *Id.* at *3–5.

Likewise, Werner is wrong when he asserts that the Board's denial of his requests "to reside at one specific residence … requires a finding of [the] denial of due process." Werner is not entitled to any "hearing for an individualized risk assessment." *See id.* at *6; *see also Conn. Dep't of Pub. Safety*, 538 U.S. at 4. Yet here the Sex Offender Residence Board gave Werner several such hearings, and eventually the City changed its residency restrictions to categorically exempt the halfway house where Werner wanted to live. Moreover, Werner does not articulate any coherent argument for why he thinks the Board's procedures were inadequate.

AFFIRMED