**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018
Decided July 9, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1334

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 16-cr-00099-JMS-DML |
| HECTOR MEADOWS, *Defendant-Appellant*. | Jane Magnus-Stinson, *Chief Judge*. |

**O R D E R**

As a result of two Florida convictions from 1995 for attempted sexual battery, Hector Meadows had to register as a sex offender under the Sex Offender Registration and Notification Act, 34 U.S.C. § 20913. It is a federal crime for anyone under a registration obligation to travel interstate and fail to register or update a registration. 18 U.S.C. § 2250(a). Meadows moved to Indiana in 2015, failed to register, and was charged with violating this law. After the district court denied his motion to dismiss the indictment (in which he argued that the law did not apply to him), Meadows pleaded guilty and waived his right to appeal all issues except the denial of his motion to dismiss. The district court later denied Meadows's oral motion to withdraw his guilty plea and his motion for new counsel. Meadows has appealed, but his appointed

appellate counsel argues that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Meadows opposes counsel's motion. *See* CIR. R. 51(b).

We deferred decision in this case while the Supreme Court considered *Gundy v. United States*, 17–6086, which presented the question whether the Act violates the nondelegation doctrine. The Court's decision, issued on June 20, holds that the Act, which directs the Attorney General to oversee the application of registration obligations to pre-Act offenders, does not violate the doctrine. This eliminates any appellate contention related to the nondelegation doctrine. We thus limit the remainder of our review to the subjects that counsel has discussed and the issues that Meadows believes have merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Although counsel asserts that she "has consulted with Mr. Meadows regarding his intention on the appeal of this case," she has not said whether Meadows wants his guilty plea (and thus appeal waiver) set aside on appeal. She should have. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But the omission is harmless because the transcript of the plea colloquy shows that the district judge complied with the requirements of Federal Rule of Criminal Procedure 11, rendering pointless a challenge to the guilty plea and appeal waiver. *See Konczak*, 683 F.3d at 349; *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). The judge properly informed Meadows of the nature of the charge, the statutory maximum penalties, the trial rights that he was giving up, the role of the sentencing guidelines, and the consequences of his appeal waiver. FED. R. CRIM. P. 11(b)(1). She also properly determined that the plea was voluntary, FED. R. CRIM. P. 11(b)(2), and that it had a factual basis, FED. R. CRIM. P. 11(b)(3).

The sole issue preserved by the plea agreement is whether the district court erred when it denied Meadows's motion to dismiss the indictment. Counsel considers two arguments. First, she asks whether Meadows was relieved of his federal registration obligation if he was not required to register under Indiana law. She observes that the Indiana Supreme Court has ruled that Indiana's registration requirement does not apply retroactively and therefore might not apply to Meadows. But counsel rightly concludes that an appellate challenge to his indictment on this ground would be frivolous. The federal law on which his indictment is based "imposes a federal obligation on all sex offenders to register in each jurisdiction where he resides, works, and goes to school." *United States v. Leach*, 639 F.3d 769, 771 (7th Cir. 2011*), abrogated on other grounds by Nichols v. United States*, 136 S. Ct. 1113 (2016). Under the Supremacy Clause, U.S. CONST. art. VI, cl. 2, Indiana's registration requirements, even if less stringent than the federal counterpart, cannot relieve Meadows of his federal obligation.

*See Leach*, 639 F.3d at 772. Indiana courts have themselves recognized that federal law may require registration even if Indiana law does not. *See, e.g.*, *Andrews v. State*, 978 N.E.2d 494, 502–03 (Ind. App. 2012). It would be frivolous to argue that limits on Indiana's registration requirements limit federal registration obligations.

Second, counsel considers and rejects the argument that the federal registration obligation is unconstitutional retroactive punishment. *See* Ex Post Facto Clause, U.S. CONST. art. I, § 9, cl. 3. The obligation to register is a civil burden, not additional punishment for the underlying sex offense, *Leach*, 639 F.3d at 773 (citing *Smith v. Doe*, 538 U.S. 84 (2003)). And a violation of the registration obligation is a *new* criminal offense, 18 U.S.C. § 2250(a), not a retroactive one, *Leach,* 639 F.3d at 772–73, because the criminal statute targets only an offender's current conduct—his failure to register. Meadows failed to register in 2015, long after the registration requirement became law. Thus a constitutional challenge based on retroactivity would be frivolous.

We conclude by addressing Meadows's Rule 51(b) response, in which he raises three arguments. He first argues that his 1995 convictions were not sufficient to trigger an obligation to register under the Act. But Meadows pleaded guilty, conceding in his plea agreement each element of the crime of failing to register, and waived his right to appeal this question. Second, he argues that he attempted to register in Indiana (but was presumably turned away). Meadows does not point to evidence of this in the record, but even if he did, it would be evidence only of a defense to the crime charged, and by pleading guilty Meadows waived that defense. Finally, Meadows complains about his representation before the district court. But claims of ineffective assistance of counsel are best heard on collateral review. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

We GRANT counsel's motion to withdraw and DISMISS the appeal.