# Illinois Official Reports

## Appellate Court

---

### *People v. Owens*, 2018 IL App (4th) 170506

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDELL L. OWENS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-17-0506 |
| Filed | October 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 16-CF-347; the Hon. John M. Madonia, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Randell Owens, of Springfield, appellant *pro se*.<br><br>John C. Milhiser, State's Attorney, of Springfield (Patrick Delfino, David J. Robinson, and Kathy Shepard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Harris and Justice Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1      In April 2016, the State charged defendant, Randell L. Owens, with failure to register as a sex offender under the Sex Offender Registration Act (Act). 730 ILCS 150/3(a) (West 2016). In April 2017, defendant filed a *pro se* motion to dismiss, arguing that the double jeopardy clause and the due process clause barred this prosecution. The trial court denied his motion.

¶ 2      Defendant appeals, arguing (1) the Act subjects him to double jeopardy, (2) collateral estoppel bars the State's prosecution for his failure to register as a sex offender, and (3) the Act creates an unconstitutional mandatory presumption. We disagree and affirm.

¶ 3                         I. BACKGROUND

¶ 4                      A. The Underlying Conviction

¶ 5      In September 1999, defendant was convicted of criminal sexual assault. 720 ILCS 5/12-13 (West 1998). This conviction required defendant to register as a sex offender. 730 ILCS 150/2(B)(1), 3(a) (West 2016).

¶ 6               B. Defendant's Alleged Failure to Register

¶ 7      In April 2016, the State charged defendant with failure to register as a sex offender under the Act. 730 ILCS 150/3(a) (West 2016). In April 2017, defendant filed a *pro se* motion to dismiss, arguing that the Act violated the due process clause of the fourteenth amendment and the double jeopardy clause of the fifth amendment. U.S. Const., amends. V, XIV. Likewise, defendant argued that the Act violated the due process clause and the double jeopardy clause of the Illinois Constitution. Ill. Const. 1970, art. I, §§ 2, 10.

¶ 8      In June 2017, the trial court denied defendant's motion to dismiss. Later that month, pursuant to Illinois Supreme Court Rule 604(f), defendant filed a motion for an interlocutory appeal. Ill. S. Ct. R. 604(f) (eff. July 1, 2017) ("The defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy.").

¶ 9      This appeal followed.

¶ 10                     II. ANALYSIS

¶ 11      Defendant appeals, arguing (1) the Act subjects him to double jeopardy, (2) collateral estoppel bars the State's prosecution for his failure to register as a sex offender, and (3) the Act creates an unconstitutional mandatory presumption. We address these issues in turn.

¶ 12                    A. Double Jeopardy

¶ 13      Defendant argues that the Act, which enacts a punishment for failing to register as a sex offender, subjects him to double jeopardy. We disagree, concluding that defendant's prosecution for failure to register as a sex offender arises from a different criminal act.

¶ 14                  1. *The Applicable Law*

¶ 15      The fifth amendment to the United States Constitution, made applicable to the states via the fourteenth amendment, provides that no person shall "be subject for the same offence to be

twice put in jeopardy of life or limb." U.S. Const., amend. V. The Illinois Constitution also provides that "[n]o person shall be *** twice put in jeopardy for the same offense." Ill. Const. 1970, art. I, § 10. The double jeopardy clause of our state constitution is to be construed in the same manner as the double jeopardy clause of the federal constitution. *People v. Staple*, 2016 IL App (4th) 160061, ¶ 13, 68 N.E.3d 1004.

¶ 16    The double jeopardy clause proscribes (1) a second prosecution for the same offense following an acquittal, (2) a second prosecution for the same offense following a conviction, and (3) multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). Registering as a sex offender is not a punishment. *People v. Cardona*, 2013 IL 114076, ¶ 24, 986 N.E.2d 66; *People v. McArthur*, 2018 IL App (1st) 150626, ¶¶ 54-55; see Joanna Wells, *Community Notification Provisions for Sex Offenders: Not Punishment for Ex Post Facto and Double Jeopardy Purposes*, 22 S. Ill. U. L.J. 243, 266-67 (1997).

¶ 17    The application of the double jeopardy clause often turns on whether there were multiple acts or a single act. *People v. Sienkiewicz*, 208 Ill. 2d 1, 6, 802 N.E.2d 767, 771 (2003). The definition of an "act" is "any overt or outward manifestation which will support a different offense." *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45 (1977). "[I]f the prosecutions are predicated on different criminal acts, then the prohibition against double jeopardy is not violated." *Sienkiewicz*, 208 Ill. 2d at 6.

¶ 18    However, if there was only a single physical act, then a court must apply the same elements test to determine whether multiple prosecutions violate the double jeopardy clause. *Id.* Under the same elements test, if each crime requires proof of a fact not required by the other, then multiple prosecutions do not violate the double jeopardy clause. *Id.* When neither the facts nor the credibility of the witnesses are at issue, the trial court's ruling on a motion to dismiss for double jeopardy grounds is a question of law reviewed *de novo*. *People v. Ventsias*, 2014 IL App (3d) 130275, ¶ 10, 13 N.E.3d 825.

¶ 19    The Criminal Code of 1961 (Code), as it existed in 1999, defined criminal sexual assault as follows:

"The accused commits criminal sexual assault if he or she:

(1) commits an act of sexual penetration by the use of force or threat of force; or

(2) commits an act of sexual penetration and the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent; or

(3) commits an act of sexual penetration with a victim who was under 18 years of age when the act was committed and the accused was a family member; or

(4) commits an act of sexual penetration with a victim who was at least 13 years of age but under 18 years of age when the act was committed and the accused was 17 years of age or over and held a position of trust, authority or supervision in relation to the victim." 720 ILCS 5/12-13 (West 1998).

¶ 20    The definition of a sex offender includes an individual convicted of criminal sexual assault. 730 ILCS 150/2(A)(1)(a), (B)(1) (West 2016). The Act mandates that "[a] sex offender *** shall *** register in person and provide accurate information as required by the Department of State Police." *Id.* § 3(a). The Act further states that "[a]ny person who is required to register under this Article who violates any of the provisions of this Article *** is guilty of a *** felony." *Id.* § 10(a).

¶ 21                              2. *This Case*

¶ 22        Defendant's double jeopardy argument fails because the State is prosecuting him for a different criminal act. *Sienkiewicz*, 208 Ill. 2d at 6. The State originally charged defendant with criminal sexual assault of which he was convicted. That charge required proof that defendant committed sexual penetration under the circumstances set forth in the Code. 720 ILCS 5/12-13 (West 1998). Defendant's conviction required him to register as a sex offender. 730 ILCS 150/2(B)(1), 3(a) (West 2016). The State is now prosecuting defendant for his alleged failure to register. *Id.* § 10(a). Obviously, *failing to register* is a completely different act than *sexual penetration*. Compare 720 ILCS 5/12-13 (West 1998), with 730 ILCS 150/3 (West 2016). Likewise, being a sex offender is a status rather than an act. See *People v. Coats*, 2018 IL 121926, ¶ 27, 104 N.E.3d 1102 ("A felon's status is not an 'act' but, rather, a state of being. To clarify, a defendant's status is not factored into *** whether a defendant's conduct consists of one act or several acts."). Accordingly, defendant's double jeopardy argument is without merit. *Sienkiewicz*, 208 Ill. 2d at 6.


¶ 23                             B. Collateral Estoppel

¶ 24        Defendant further argues that collateral estoppel bars a prosecution for failure to register as a sex offender. We disagree.

¶ 25        The doctrine of collateral estoppel, in the criminal context, is a component of the double jeopardy clause. *People v. Fort*, 2017 IL 118966, ¶ 34, 88 N.E.3d 718. This doctrine holds that an issue raised and decided by a court of competent jurisdiction may not be relitigated in a later action between the same parties in the same or a different cause of action. *People v. Krstic*, 292 Ill. App. 3d 720, 723, 686 N.E.2d 692, 694 (1997). Collateral estoppel applies when (1) the issue decided in the prior adjudication is identical to the one present in the suit in question, (2) there was a judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *People v. Brown*, 2017 IL App (1st) 160025, ¶ 27, 88 N.E.3d 31. The applicability of the collateral estoppel doctrine is a question of law reviewed *de novo*. *People v. Christian*, 2016 IL App (1st) 140030, ¶ 80, 50 N.E.3d 1157.

¶ 26        Simply put, the issue decided in defendant's conviction for criminal sexual assault is not identical to the issue of whether he failed to register. In defendant's prosecution for criminal sexual assault, the State was required to prove that defendant committed sexual penetration under the circumstances set forth in the Code. 720 ILCS 5/12-13 (West 1998). In the present case, the State will be required to prove that defendant, as a sex offender, failed to register as required under the Act. 730 ILCS 150/2(B)(1), 3(a) (West 2016). The State need not and should not relitigate the facts of defendant's underlying conviction. Accordingly, collateral estoppel does not apply to this case.


¶ 27                            C. Mandatory Presumption

¶ 28        Last, defendant argues that the Act is unconstitutional because it creates a mandatory presumption that violates the due process clause and the double jeopardy clause. We disagree.

¶ 29                                    1. *The Applicable Law*

¶ 30    The double jeopardy clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. The due process clause provides that no state shall deprive any person of "life, liberty, or property, without due process of law." U.S. Const., amend XIV. Our state constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law" and that no person shall be "twice put in jeopardy for the same offense." Ill. Const. 1970, art. I, §§ 2, 10.

¶ 31    A presumption is a legal device that either permits or requires the trier of fact to assume the existence of an ultimate fact after establishing certain predicate facts. *People v. Woodrum*, 223 Ill. 2d 286, 308, 860 N.E.2d 259, 274 (2006). A permissive presumption allows, but does not require, the trier of fact to infer the existence of the ultimate fact upon proof of the predicate fact without placing a burden on the defendant. *Id.* The fact finder is free to accept or reject a permissive presumption. *Id.* A mandatory presumption, however, requires the fact finder to accept the presumption. *Id.* Mandatory presumptions are *per se* unconstitutional. *Id.* at 309.

¶ 32    Courts presume that a law is constitutional, and the party challenging the law bears the burden of demonstrating its invalidity. *People v. Pollard*, 2016 IL App (5th) 130514, ¶ 24, 54 N.E.3d 234. If it can be reasonably done, a court has a duty to construe a statute in a manner that upholds its validity and constitutionality. *Id.* If a statute's construction is doubtful, a court should resolve that doubt in favor of the statute's validity. *Id.* Whether a statute is constitutional is a legal question that a court reviews *de novo*. *People v. Mosley*, 2015 IL 115872, ¶ 22, 33 N.E.3d 137.


¶ 33                                    2. *Our Jurisdiction*

¶ 34    The State concedes that we have jurisdiction to review defendant's mandatory presumption argument under the double jeopardy clause, but argues that we do not have jurisdiction to review defendant's mandatory presumption argument under the due process clause. As such, before reaching the merits of defendant's arguments, we first address our jurisdiction. *People v. Vara*, 2018 IL 121823, ¶ 12, 115 N.E.3d 53.

¶ 35    The Illinois Constitution, in pertinent part, provides for our jurisdiction as follows:

> "Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court ***. The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts. The Appellate Court may exercise original jurisdiction when necessary to the complete determination of any case on review." Ill. Const. 1970, art. VI, § 6.

¶ 36    Illinois Supreme Court Rule 604(f) (eff. July 1, 2017) states that "[t]he defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." In *People v. Griffith*, 404 Ill. App. 3d 1072, 1087, 936 N.E.2d 1174, 1188 (2010), the First District stated that the plain language of Rule 604(f) grants interlocutory review only to double jeopardy claims. Thus, the First District concluded that it did not have jurisdiction to review defendant's due process claim that he included in his interlocutory appeal. *Id.* However, in *People v. Hobbs*, 301 Ill. App. 3d 581, 590, 703 N.E.2d 943, 950 (1998), this court reasoned that, in the interest of judicial efficiency, it had supplemental jurisdiction to consider the defendant's due process claim that he included in his Rule 604(f) interlocutory appeal.

¶ 37    In a case such as this, in which defendant raises identical arguments under both the due process clause and the double jeopardy clause, we conclude that it is in the interest of judicial efficiency to rule on both arguments. Accordingly, in conjunction with Illinois Supreme Court Rule 604(f) (eff. July 1, 2017), we will exercise supplemental jurisdiction to completely adjudicate this matter. *Hobbs*, 301 Ill. App. 3d at 590-91.

¶ 38    In the alternative, this court has original jurisdiction over defendant's due process argument. Illinois Supreme Court Rule 604(f) (eff. July 1, 2017) states that a "defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." As such, defendant's double jeopardy argument is properly before this court. Our state constitution further provides that "The Appellate Court may exercise original jurisdiction when necessary to the complete determination of any case on review." Ill. Const. 1970, art. VI, § 6. This constitutional provision, in conjunction with Rule 604(f), gives this court jurisdiction to consider defendant's due process claim. *Id.*; Ill. S. Ct. R. 604(f) (eff. July 1, 2017). Accordingly, we turn to the merits of defendant's arguments.

¶ 39                          3. *The Merits of Defendant's Argument*

¶ 40    The Act contains no provision that permits or requires the trier of fact to assume the existence of any ultimate fact. *Woodrum*, 223 Ill. 2d at 308. Instead, the Act simply states that "[a] sex offender *** shall *** register" and that "[a]ny person who is required to register under this Article who violates any of the provisions of this Article *** is guilty of a *** felony." 730 ILCS 150/3, 10(a) (West 2016). As such, there is no presumption in the Act. Thus, defendant's argument is without merit.

¶ 41                                III. CONCLUSION

¶ 42    For the foregoing reasons, we affirm the trial court's order.

¶ 43    Affirmed.