# Illinois Official Reports

## Appellate Court

---

### *People v. Pepitone*, 2019 IL App (2d) 151161

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARC A. PEPITONE, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-1161 |
| Filed | May 15, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 15-CM-1769; the Hon. Alexander McGimpsey, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Sherry R. Silvern, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Steven J. Lupa, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.<br>Justices Jorgensen and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a bench trial, defendant, Marc A. Pepitone, was found guilty of being a child sex offender in a public park pursuant to section 11-9.4-1 of the Criminal Code of 2012 (Code) (720 ILCS 5/11-9.4-1 (West 2014)) and was sentenced to 202 days in the Du Page County jail. Defendant appeals, contending that section 11-9.4-1 is unconstitutional as applied to him because it violates the *ex post facto* provisions of both the United States and Illinois Constitutions. Because section 11-9.4-1 does not retroactively apply to defendant, we determine that the law does not violate the *ex post facto* clauses. We thus affirm the trial court's ruling.

## I. BACKGROUND

¶ 2

¶ 3    On May 31, 2015, defendant was charged with one count of being a child sex offender in a public park. Defendant waived his right to a jury trial and proceeded to a bench trial on September 8, 2015. At trial, the State called Du Page County Forest Preserve Officer Krist Schroeder, who testified that he was on duty, in uniform, and in a marked police car in Blackwell Forest Preserve, located in Warrenville, on May 31. At approximately 2:40 p.m., while positioned in the preserve's south parking lot, Officer Schroeder saw a green Ford van without a front license plate drive into the parking lot. He ran the registration from the back license plate and discovered that the registered owner was a child sex offender. Officer Schroeder watched the van park near the restrooms. He then observed a man exit the vehicle and enter the restroom. He identified the man as defendant. When defendant exited the restroom, he stopped and appeared to read an information sign about the preserve before getting back into the van.

¶ 4    Officer Schroeder testified that defendant then pulled the van alongside his marked police car. Defendant asked Officer Schroeder if the fishing was good in the preserve and whether a license was needed to fish there. After receiving affirmative answers to both questions, defendant stated that he "was going to check the place out" and proceeded farther into the preserve toward the boat launching area. Officer Schroeder followed defendant and initiated a traffic stop in the boat launch parking lot for a missing front license plate. Defendant provided his license, and Office Schroeder noticed that his name matched the van's registered owner.

¶ 5    Officer Schroeder testified that a second officer arrived at the scene to assist in arresting defendant. After he was arrested and Mirandized, defendant stated that he did not know that he was within the forest preserve. Officer Schroeder then testified that there is only one entrance for motor vehicles into the preserve and that the entrance has a large, wooden sign that says "Blackwell Forest Preserve." A little farther into the preserve, there is a smaller sign that lists the hours of operation. Finally, along the route that motor vehicles must take to enter the preserve, there is an information center that provides all of the rules for the preserve.

¶ 6    On cross-examination, Officer Schroeder testified that, in his incident report, he wrote that defendant stated that he did not know that "driving through" a forest preserve constituted being "present" there. On redirect examination, Officer Schroeder stated that the information sign that defendant appeared to be reading upon exiting the restroom also was marked with the words "forest preserve." Before resting its case, the State introduced into evidence a certified copy of defendant's 1999 conviction of predatory criminal sexual assault of a child.

¶ 7    Defendant moved for a directed finding, arguing that the State had not met its burden to prove that he was knowingly within a forest preserve. In denying defendant's motion, the trial court pointed to the circumstantial evidence of the marked police car, the information sign bearing the words "forest preserve" in the parking lot, defendant's conversation with Officer Schroeder, and the large, wooden sign saying "Blackwell Forest Preserve" at the entrance for motor vehicles. The defense rested without presenting any evidence.

¶ 8    In its closing argument, the State discussed the statute at issue and its burden to prove that defendant was a child sex offender who was knowingly present in a public park. The State argued that it proved each element, noting that anyone convicted of predatory criminal sexual assault of a child is deemed to be a child sex offender. Defendant's counsel argued that defendant was not knowingly in the preserve.

¶ 9    The trial court found defendant guilty. In so finding, the court noted that there was no real dispute that defendant was a child sex offender and was actually present in the preserve. As to whether defendant was knowingly present in the preserve, the court noted all the signage identifying the area as Blackwell Forest Preserve and the conversation that defendant had with the officer in his marked squad car. The court found that, "in light of the circumstances, I think the circumstantial evidence and combined with the direct evidence, is overwhelming that the defendant knew he was in a forest preserve." Finally, the court noted, "I understand the argument could be made that perhaps he didn't know it was a violation of the law; but that is not a defense, as the Court is aware."

¶ 10    Defendant timely filed a motion for a new trial, arguing that section 11-9.4-1 of the Code is an unconstitutional *ex post facto* law. The trial court heard argument on the motion on October 19, 2015. Defendant's counsel argued that defendant was not given notice that he would be precluded from entering any park or forest preserve when he pled guilty to the offense of predatory criminal sexual assault of a child in 1999. Counsel also discussed the factors outlined in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), for identifying *ex post facto* laws. Counsel argued that a majority of these factors favored a finding for defendant.

¶ 11    The State argued that defendant's motion would have been more appropriate as a pretrial motion to dismiss, and it had proved the elements of the crime as clearly identified in the statute. The State further argued that, as the trial court noted in its ruling, ignorance of the law is no defense for its violation and that the burden is on defendant, because of his status as a child sex offender, to "be aware of the laws affecting child sex offenders including this law that he cannot be present in any public park."

¶ 12    On November 23, 2015, after reviewing the case law presented at the motion hearing, the trial court denied defendant's motion. In denying the motion, the court found that section 11-9.4-1 is not an unconstitutional *ex post facto* law, stating, "[b]ased upon the case law the Court has reviewed, I don't find that the *** sex offender restrictions are punitive measures or punitive requirements." The court also found that the State was not required to prove that defendant had notice. The court then reaffirmed its ruling and closed the matter.

¶ 13    Defendant timely appealed.[1]

---

[1]On defendant's motion, this appeal was held in abeyance pending a decision by the Illinois Supreme Court in *People v. Pepitone*, 2018 IL 122034. There, the supreme court remanded a similar case to the Third District Appellate Court for consideration of whether the statute in question violated

¶ 15   The facts at issue are not in dispute. Section 11-9.4-1 of the Code was enacted in 2011 and amended in 2013. See Pub. Act 96-1099 (eff. Jan. 1, 2011) (adding 720 ILCS 5/11-9.4-1); Pub. Act 97-698 (eff. Jan. 1, 2013) (amending 720 ILCS 11-9.4-1); Pub. Act 97-1109 (eff. Jan. 1, 2013) (amending 720 ILCS 11-9.4-1). Defendant pled guilty to predatory criminal sexual assault of a child in 1999 and entered the forest preserve in 2015.

¶ 16   Defendant contends that section 11-9.4-1 of the Code violates the *ex post facto* clauses of both the United States and Illinois Constitutions as it applies to him, because he was convicted of being a child sex offender well before the statute was enacted. The State maintains that the statute does not violate the *ex post facto* clauses, as it is neither retroactive nor punitive.

¶ 17   "An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party." *People v. Thompson*, 2015 IL 118151, ¶ 36. All statutes carry a presumption of constitutionality, and courts will uphold statutes whenever reasonably possible, resolving all doubts in favor of their validity. *People v. Stevens*, 2018 IL App (4th) 150871, ¶ 15. To rebut the presumption, the party challenging a statute must clearly establish that it violates the constitution. *People v. Mosley*, 2015 IL 115872, ¶ 22. We review *de novo* whether a statute violates the *ex post facto* clauses as applied to a particular defendant. *People v. Higgins*, 2014 IL App (2d) 120888, ¶ 19.

¶ 18   Both the federal and state constitutions prohibit the Illinois legislature from passing an *ex post facto* law. U.S. Const., art I, § 10; Ill. Const. 1970, art. I, § 16. Our supreme court has interpreted the Illinois *ex post facto* provision in step with the United States Supreme Court's pronouncements. *People v. Cornelius*, 213 Ill. 2d 178, 207 (2004). These prohibitions forbid the legislature from enacting "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." (Internal quotation marks omitted.) *Weaver v. Graham*, 450 U.S. 24, 28 (1981). The *ex post facto* provisions restrain the legislature "from enacting arbitrary or vindictive legislation, and assure[ ] that statutes provide fair warning of their effect." *Cornelius*, 213 Ill. 2d at 207. A criminal law is considered *ex post facto* if it is both retroactive and disadvantageous to a defendant. *People v. Franklin*, 135 Ill. 2d 78, 107 (1990). A law is retroactive if it applies to events that occurred before the law was enacted. *People v. Brown*, 2017 IL App (1st) 140508-B, ¶ 12 (citing *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)). A law is disadvantageous to a defendant if it criminalizes an act that was innocent when performed, increases the punishment for a previously committed offense, or alters the rules of evidence by making a conviction easier. *People v. Malchow*, 193 Ill. 2d 413, 418 (2000).

¶ 19   At the time of defendant's present conviction, and still today, section 11-9.4-1 of the Code provided that "[i]t is unlawful for a sexual predator or a child sex offender to knowingly be present in any public park building or on real property comprising any public park." 720 ILCS 5/11-9.4-1(b) (West 2014). The term "child sex offender" is ascribed to any person who has been convicted of predatory criminal sexual assault of a child. *Id.* § 11-9.3(d)(1)(i)(A), (d)(2)(i). The term "public park" includes a "forest preserve, *** under the jurisdiction of the State or a unit of local government." *Id.* § 11-9.4-1(a). The first violation of section 11-9.4-1(b)

the *ex post facto* clauses as applied to defendant. On June 27, 2018, following that remand, we vacated the stay in the present appeal.

is a Class A misdemeanor, and any subsequent violations are Class 4 felonies. *Id.* § 11-9.4-1(d).

¶ 20   Defendant contends that the issue we must determine with respect to retroactivity is whether defendant's status as a child sex offender was attributable solely to conduct that predated the enactment of section 11-9.4-1 of the Code. He argues that, because he was convicted of predatory criminal sexual assault of a child in 1999, 12 years before the statute took effect, the statute is retroactive. Defendant also argues that the statute is punitive as applied to him, and he focuses the vast majority of his arguments on discussing the *Mendoza-Martinez* factors. In turn, the State contends that defendant's status as a child sex offender was simply an element of the present crime and that, because the statute was enacted well after defendant obtained the status of a child sex offender, it is not retroactive. The State maintains that, because the statute is not retroactive, we do not need to discuss the *Mendoza-Martinez* factors to determine whether it is punitive. We agree with the State.

¶ 21   With respect to retroactivity, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." *Weaver*, 450 U.S. at 31. In *Weaver*, a Florida penal statute revised "gain-time," time credited to reduce an inmate's prison term for good conduct. The statute was found to be retroactive because it was implemented three years after the defendant's conviction and "attache[d] legal consequences to a crime committed before the law took effect." *Id.* The Court held that the statute "substantially alters the consequences attached to a crime already completed, and therefore changes the quantum of punishment." (Internal quotation marks omitted.) *Id.* at 33.

¶ 22   Here, however, no additional legal consequences were attached to defendant based *solely* on his 1999 conviction of predatory criminal sexual assault of a child. Rather, defendant's status as a child sex offender was an element of an entirely separate crime, which required that defendant commit an additional act. In this case, defendant's conduct, being present in a park, occurred *after* the enactment of section 11-9.4-1 of the Code. Thus, defendant's present conviction cannot be retroactive.

¶ 23   The State suggests that this conclusion is supported by *People v. Owens*, 2018 IL App (4th) 170506. We agree. In *Owens*, the defendant appealed the trial court's denial of his motion to dismiss the charge of failing to register as a sex offender under the Sex Offender Registration Act (SORA) (730 ILCS 150/3(a) (West 2016)), claiming that the SORA subjected him to double jeopardy. *Owens*, 2018 IL App (4th) 170506, ¶¶ 7-8. In rejecting the defendant's argument, the appellate court noted that the defendant was not being reprosecuted for the underlying offense of criminal sexual assault, which required sexual penetration (see 720 ILCS 5/12-13 (West 1998)), but rather for the failure to register. *Owens*, 2018 IL App (4th) 170506, ¶ 22. "The State originally charged defendant with criminal sexual assault of which he was convicted. *** The State is now prosecuting defendant for his alleged failure to register. [Citation.] Obviously, *failing to register* is a completely different act than *sexual penetration*." (Emphases in original.) *Id.*

¶ 24   Although the defendant in *Owens* pursued a different legal challenge to his conviction, the court's rationale applies to the case at hand. The defendant in *Owens* claimed that the SORA subjected him to double jeopardy because he was being punished twice for the same conduct: the initial conviction of criminal sexual assault and the subsequent conviction of failing to register as a sex offender. Similarly, here, defendant claims that his present conviction derived from the conduct underlying his 1999 conviction. It did not. Defendant's status as a child sex

offender was merely an element of the present crime. See *People v. Coats*, 2018 IL 121926, ¶ 27 ("A felon's status is *** a state of being."). We note that status as an element of a crime is not unique to sex offenders. See *People v. Leonard*, 391 Ill. App. 3d 926 (2009) (holding that the armed habitual criminal statute punishes defendants not because of their previous felony convictions but rather for a new offense and thus does not violate the *ex post facto* clauses).

¶ 25 Perhaps more on point is the rationale used by the Seventh Circuit in *Vasquez v. Foxx*, 895 F.3d 515 (7th Cir. 2018) (*en banc*). In *Vasquez*, the court held that Illinois's residency restrictions on child sex offenders that were enacted after the defendants' convictions, such as not living within 500 feet of a child day-care home (720 ILCS 5/11-9.3(b-10) (West 2012)), were not retroactive but rather prospective. *Vasquez*, 895 F.3d at 520. The court reasoned that the residency restrictions merely created "new, prospective legal obligations based on the person's prior history" and that a violation of these restrictions constituted an independent criminal act occurring after the law's enactment. (Internal quotation marks omitted.) *Id.* Thus, a child sex offender would be subject to criminal prosecution based not solely on his or her status but, rather, on that status in conjunction with the additional act of living within 500 feet of a day-care center. *Id.*; see also *United States v. Leach*, 639 F.3d 769 (7th Cir. 2011) (holding that the federal Sex Offender Registration and Notification Act was not retroactive, because it applied only to conduct after its enactment).

¶ 26 Likewise, defendant was not punished here solely because of his status, which undeniably was attributed to him based on his conduct before section 11-9.4-1 of the Code was enacted. Rather, defendant was punished because of an act he committed nearly four years after the statute was enacted. Like the residency restrictions considered in *Vasquez*, section 11-9.4-1 created a new, prospective legal obligation—prohibiting defendant from knowingly entering a public park. Thus, defendant was not subject to prosecution solely because of his status. He was convicted of a crime that required both his status and the additional act of knowingly being present in a public park. Because the statute only makes defendant's status an element of a separate crime and does not apply to his conduct before the statute was enacted, it is not retroactive.

¶ 27 Having held that section 11-9.4-1 of the Code does not retroactively apply to defendant, we need not consider whether the statute is disadvantageous to him. For a law to violate the *ex post facto* provisions, a law must be *both* retroactive and disadvantageous to a defendant. See *Lynce*, 519 U.S. at 441; *Weaver*, 450 U.S. at 29; *Cornelius*, 213 Ill. 2d at 207; *Fletcher v. Williams*, 179 Ill. 2d 225, 230 (1997). Because section 11-9.4-1 of the Code is not retroactive, it does not violate the *ex post facto* clauses.

¶ 28                                    III. CONCLUSION
¶ 29 For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County. As a part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 30          Affirmed.