# Illinois Official Reports

## Appellate Court

---

**People v. Pepitone, 2020 IL App (3d) 140627-B**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARC A. PEPITONE, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-14-0627 |
| Filed | June 26, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 13-CM-844; the Hon. Carmen Goodman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Katherine M. Strohl, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Carter and Holdridge concurred in the judgment and opinion. |

**OPINION**

¶ 1        The defendant, Marc A. Pepitone, was convicted under the Criminal Code of 2012 (Code) of being a child sex offender in a public park (720 ILCS 5/11-9.4-1(b) (West 2012)) and was sentenced to 24 months of conditional discharge, 100 hours of public service, and $400 in fines and costs. In his direct appeal, this court ruled that section 11-9.4-1(b) was facially unconstitutional. *People v. Pepitone*, 2017 IL App (3d) 140627, ¶ 24 (*Pepitone I*). Our supreme court reversed that decision and remanded for consideration of Pepitone's argument that section 11-9.4-1(b) violates the *ex post facto* clauses of the United States and Illinois Constitutions because his prior conviction occurred before section 11-9.4-1(b) took effect, which we did not address in *Pepitone I. People v. Pepitone*, 2018 IL 122034, ¶¶ 31-32 (*Pepitone II*). We hold that section 11-9.4-1(b) does not violate the *ex post facto* clauses.

¶ 2                                        FACTS
¶ 3        The facts of this case have been set out in *Pepitone I* and *Pepitone II*. We repeat only those facts necessary for disposition of Pepitone's *ex post facto* argument.

¶ 4        In 2013, a Bolingbrook police officer spotted a van parked across three parking spots in Indian Boundary Park. The van belonged to Pepitone, who had been convicted of predatory criminal sexual assault of a child in 1999. Pepitone, who had been walking his dog in the park, was arrested for being a child sex offender in a public park (720 ILCS 5/11-9.4-1(b) (West 2012)). He was later convicted and sentenced, *inter alia*, to 24 months of conditional discharge and 100 hours of community service.

¶ 5        In *Pepitone I*, we held that section 11-9.4-1(b) was facially unconstitutional because it was not reasonably related to protecting the public, especially children, from child sex offenders and sexual predators. *Pepitone I*, 2017 IL App (3d) 140627, ¶ 24. We did not address Pepitone's argument that section 11-9.4-1(b) violated the *ex post facto* clauses. *Id.* ¶ 25.

¶ 6        In *Pepitone II*, our supreme court ruled that section 11-9.4-1(b) was in fact rationally related to a legitimate government interest, thereby reversing our decision. *Pepitone II*, 2018 IL 122034, ¶ 31. The supreme court remanded the case for us to consider Pepitone's *ex post facto* argument. *Id.* ¶ 32. We ordered the parties to compile supplemental briefs on the issue, and we now address that issue pursuant to the supreme court's directive.

¶ 7                                      ANALYSIS
¶ 8        Pepitone argues that section 11-9.4-1(b) violates the *ex post facto* clauses of the United States and Illinois Constitutions because the offense he committed that resulted in him being characterized as a child sex offender took place long before the date section 11-9.4-1(b) took effect.

¶ 9        Initially, we note that Pepitone's argument is an as-applied constitutional challenge to section 11-9.4-1, which "requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party" (*People v. Thompson*, 2015 IL 118151, ¶ 36). We review the constitutionality of a statute under the *de novo* standard. *People v. Dinelli*, 217 Ill. 2d 387, 397 (2005).

¶ 10       "The *ex post facto* clauses of the United States Constitution prohibit retroactive application of a law inflicting greater punishment than the law in effect when a crime was committed."

*People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 208 (2009). The *ex post facto* clause of the Illinois Constitution provides the same protection as the United States Constitution. *Id.* at 209. "A law is considered *ex post facto* if it is both retroactive and disadvantageous to the defendant." *People v. Cornelius*, 213 Ill. 2d 178, 207 (2004).

¶ 11    Section 11-9.4-1 of the Code provides that "[i]t is unlawful for a sexual predator or a child sex offender to knowingly be present in any public park building or on real property comprising any public park." 720 ILCS 5/11-9.4-1(b) (West 2012). Section 11-9.4-1 was enacted in 2011 (Pub. Act 96-1099 (eff. Jan. 1, 2011)) and was amended in 2013 (Pub. Act 97-698 (eff. Jan. 1, 2013); Pub. Act 97-1109 (eff. Jan. 1, 2013)). There is no dispute in this case that Pepitone qualified as a child sex offender under the Code. See 720 ILCS 5/11-9.3(d)(1)(i)(A), (d)(2)(i) (West 2012).

¶ 12    We note that Pepitone raised the exact same *ex post facto* argument in an unrelated case in which he was convicted of being a child sex offender in a public park in Du Page County. *People v. Pepitone*, 2019 IL App (2d) 151161 (*Pepitone—Du Page County*)*.* We find the Second District's decision to be instructive. In that case, the Second District summarized Pepitone's argument as follows:

> "Defendant contends that the issue we must determine with respect to retroactivity is whether defendant's status as a child sex offender was attributable solely to conduct that predated the enactment of section 11-9.4-1 of the Code. He argues that, because he was convicted of predatory criminal sexual assault of a child in 1999, 12 years before the statute took effect, the statute is retroactive. Defendant also argues that the statute is punitive as applied to him, and he focuses the vast majority of his arguments on discussing the *Mendoza-Martinez* [(*Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963))] factors."[1] *Id.* ¶ 20.

This is an apt description of the argument that Pepitone has raised before this court.

¶ 13    In addressing the question of retroactivity, the Second District stated that " '[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date.' " *Id.* ¶ 21 (quoting *Weaver v. Graham*, 450 U.S. 24, 31 (1981)). Of paramount importance to answering this question was determining what action was at issue. The Second District noted that the action at issue was Pepitone's presence in a public park and that his status as a child sex offender was merely an element of the crime:

> "[N]o additional legal consequences were attached to defendant based *solely* on his 1999 conviction of predatory criminal sexual assault of a child. Rather, defendant's status as a child sex offender was an element of an entirely separate crime, which required that defendant commit an additional act. In this case, defendant's conduct, being present in a park, occurred *after* the enactment of section 11-9.4-1 of the Code. Thus, defendant's present conviction cannot be retroactive." (Emphases in original.) *Id.* ¶ 22.

¶ 14    We agree with and adopt the Second District's analysis in *Pepitone—Du Page County* for purposes of deciding this appeal. Pepitone's claim that his conviction under section 11-9.4-1(b) was predicated on his conduct from 1999 is misplaced. His conduct from 1999 imposed a status upon him that served as an element of the crime of being a sex offender knowingly

---

[1]The *Mendoza-Martinez* factors are used to identify whether a statute is punitive. *Mendoza-Martinez*, 372 U.S. at 168-69.

present in a public park. *Id.* ¶¶ 24, 26; see *Pepitone II*, 2018 IL 122034, ¶ 26 (stating that under section 11-9.4-1(b), status as a child sex offender is an element of the offense that criminalizes the conduct of being present in a public park); see also *People v. Owens*, 2018 IL App (4th) 170506, ¶ 22; *Vasquez v. Foxx*, 895 F.3d 515 (7th Cir. 2018). Accordingly, we hold that section 11-9.4-1(b), as applied to Pepitone, does not violate the *ex post facto* clauses of the United States and Illinois Constitutions.

¶ 15    Our ruling on the retroactive application of section 11-9.4-1 obviates the need to address Pepitone's remaining argument that the law was disadvantageous to him.

¶ 16                                    CONCLUSION

¶ 17    The judgment of the circuit court of Will County is affirmed.

¶ 18    Affirmed.