2023 IL App (2d) 210605-U
No. 2-21-0605
Order filed April 27, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-816 |
| CHAZ THRAILKILL, | ) ) | Honorable Joseph Pedersen, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in denying second, amended petition for postconviction relief where defendant did not file a motion to withdraw his guilty plea, thereby forfeiting claims he could have raised in such a motion; claims defendant arguably could not have raised in a motion to withdraw his guilty plea fail to show a substantial violation of a constitutional right.

¶ 2   Defendant, Chaz Thrailkill, appeals from the denial of his second stage postconviction petition. For the reasons stated below, we affirm the judgment of the circuit court of De Kalb County.

¶ 3                                  I. BACKGROUND

¶ 4    On April 1, 2014, defendant pleaded guilty to one count of first degree murder (720 ILCS 5/9-1(a)(1) (West 2014)) and one count of attempt aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2014)). Pursuant to a negotiated plea agreement, the trial court sentenced defendant to 25 years' imprisonment for the first degree murder charge and a consecutive term of 5 years' imprisonment for the attempt aggravated discharge of a firearm charge. Defendant did not file a posttrial motion or direct appeal.

¶ 5    On March 23, 2017, defendant filed a *pro se* petition for postconviction relief alleging that his counsel was ineffective because (1) at the time of his plea he believed his sentences of 25 years and five years were going to run concurrently and counsel failed to inform him that the total sentence would be 30 years, (2) counsel did not inform him that the two sentences could not be legally served consecutively because they arose out of a single course of conduct, (3) counsel failed to order a presentence investigation and to present mitigating evidence, and (4) his sentence for first degree murder was illegal because it did not include an enhancement for personal discharge of a firearm. In a supplemental *pro se* petition, defendant additionally claimed that the sentence and statute requiring him to serve 100% time was unconstitutional because he was 19 years old on the date of the crime.

¶ 6    The trial court advanced the petition to the second stage on December 5, 2017. On February 1, 2021, defendant's retained counsel filed a motion for leave to file a final, amended postconviction petition. The petition stated that a copy of the amended petition was attached. Although the trial court and both parties on appeal set forth the amended petition's claims, the amended petition itself does not appear in the record on appeal.

¶ 7    The amended petition putatively asserted the following claims: defendant was deprived of effective assistance by (1) his counsel's failure to inform him of a possible defense based on a

private person's right to use force to make an arrest, as well as counsel's failure to raise the defense; (2) counsel's failure to oppose the prosecution's motions *in limine* to preclude evidence that the deceased victim, Steven Agee, had committed a robbery, as well as to investigate and present this material as evidence that the victim was the aggressor; (3) counsel's failure to oppose the prosecution's motions *in limine* to preclude evidence that the deceased had ingested alcohol and cannabis; and (4) counsel's failure to explain to him that his sentences for first degree murder and attempt aggravated discharge of a firearm would have to be served consecutively. The amended petition reportedly states these additional claims: (5) his sentence of 25 years for first degree murder with a specification of personal discharge was an illegal sentence that must be vacated; (6) his consecutive sentences violated the one act, one crime rule because they arose out of single act; (7) his plea was involuntary where he, 19 years old at the time of the crime, mistakenly believed that he was subject to a sentence of life imprisonment or 60 years for first degree murder; and (8) as a near juvenile, he should receive 50% credit for his time in custody and his sentence of 100% time is unconstitutional. The amended petition also incorporated the claims in defendant's original *pro se* petition, except for the claims that his counsel was ineffective for failing to order a presentence investigation report and to present mitigating evidence.

¶ 8    Two affidavits from defendant were purportedly attached to the amended petition. According to defendant's brief, in the first affidavit he swore that his previous counsel told him that he would serve only 25 years in prison and failed to explain to him the difference between consecutive and concurrent sentences. Apparently, defendant stated he would not have pleaded guilty if he had known that he would receive a sentence of 30 years. The first affidavit also alleged that defendant's attorney never presented documentation pertaining to the criminal history or

aggressive nature of defendant's victim; had defendant known of such information, he would have continued with his "original trial strategy."

¶ 9    The second affidavit allegedly set forth a scenario of the events of November 23, 2011, in which defendant attempted a failed citizen's arrest of the victim, was assaulted by the victim, and "in fear and self-defense" fired his firearm. According to defendant, his previous counsel never discussed citizen's arrest as a defense strategy, despite defendant's having advised him of a previous incident involving the victim that defendant witnessed. According to defendant's brief, pertinent public records are attached as an exhibit to the amended petition. As previously noted, the amended petition is not in the record on appeal.

¶ 10    On September 22, 2001, the trial court granted the State's motion to dismiss the amended postconviction petition. This timely appeal followed.

¶ 11                                II. ANALYSIS

¶ 12    The Post–Conviction Hearing Act (725 ILCS 5/122–1 et seq. (West 2014)) "provides a mechanism by which a criminal defendant can assert that his conviction and sentence were the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both." *People v. English*, 2013 IL 112890, ¶ 21. In noncapital cases, the Act provides for three stages. *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006). During the second stage of postconviction proceedings, as here, the petitioner bears the burden of making a substantial showing of a constitutional violation. *Id.* at 473.

¶ 13    All well-pleaded facts not positively rebutted by the trial record are taken as true. *Id.* The trial court does not engage in fact-finding or credibility determinations at the dismissal stage. *People v. Domagala*, 2013 IL 113688, ¶ 35. We review a trial court's dismissal of a postconviction petition at the second stage de *novo*. *Pendleton*, 223 Ill.2d at 473.

¶ 14    Claims of ineffective assistance of counsel are resolved under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's "deficient performance prejudiced" the defendant. *Strickland*, 466 U.S. at 688. In evaluating sufficient prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. As both prongs must be established, either may be addressed first, and, if the defendant has failed to satisfy one prong, the other need not be considered. *People v. Irvine*, 379 Ill. App. 3d 116, 130 (2008).

¶ 15                              A. Incomplete Record

¶ 16    Preliminarily, we address the State's contention that because the record on appeal is incomplete, the appeal should be dismissed. In order to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). In the absence of such a record on appeal, it will be presumed that the order entered by the circuit court was in conformity with the law and had an adequate factual basis. *Id.*; *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392.

¶ 17    Here, appellant's record is deficient in two important ways. First, as noted above, defendant failed to include a copy of his amended postconviction petition in the record. Defendant's brief contains cites to "S.R. C—," which presumably references a supplemental record on appeal, but there is no supplemental record for our review. Although the trial court and both parties set forth

and analyze defendant's claims, that is an unsatisfactory substitute for defendant's providing the entire amended petition for our review.

¶ 18     Second, defendant failed to include a transcript of the guilty plea hearing in the record on appeal. The only transcript of the hearing in the record is a copy attached to the State's motion to dismiss the petition. We may make do with that copy. *Cf. In re Marriage of Prill*, 2021 IL App (1st) 200516, ¶ 11 n2 (transcript of trial court's oral findings was attached as an exhibit to respondent's response to petitioner's motion to reconsider). However, we do not condone defendant's failure to fulfil his responsibilities. In dismissing the petition, the trial court relied on the State's description of the testimony of two eyewitnesses and the forensic pathologist who did the autopsy on the victim as its factual basis for the plea; defendant stipulated that the witnesses would testify as the state indicated, and the trial court found that the State had sustained beyond a reasonable doubt the charges against defendant.

¶ 19     The court also relied on defendant's testimony during the plea hearing indicating that he knowingly and voluntarily entered into a fully negotiated plea agreement and understood his appeal rights, including the procedure for filing a motion to withdraw the guilty plea or reconsider the sentence. Notably, defendant's brief does not mention the hearing proceedings, which refute his claim that he "was unaware of the consecutive sentences until he was in prison and was told his out date." See *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006) (only well-pleaded facts not positively rebutted by the trial record are taken as true).

¶ 20                                B. Forfeiture

¶ 21     Even if we were to assume, *arguendo*, that defendant's appeal is adequately presented by the trial court's written decision and the parties' briefs, defendant has forfeited most of his claims of error by failing to file a motion to withdraw his guilty plea pursuant to Rule 604(d) (Ill. S. Ct.

R. 604(d) (eff. Jan.1., 2023)). Under Rule 604(d), defendant had 30 days from the imposition of the sentence to challenge the plea by filing a motion to withdraw the plea of guilty and vacate the judgment, and "any issue not raised by the defendant in the motion to *** withdraw the plea of guilty and vacate the judgment shall be deemed waived." See *People v. Stewart* 123 Ill. 2d 368, 374 (1988) (applying the forfeiture rule to postconviction proceedings as well as to appeals). Like the Illinois Supreme Court, we have interpreted the rule to provide that to the extent defendant "could have raised" the challenge in a motion to withdraw his guilty plea, the issue is forfeited. See *People v. Vilces*, 321 Ill. App. 3d 937, 941 (2001) (citing *People v. Hampton*, 165 Ill. 2d 472, 478 (1995)).

¶ 22    Accordingly, we address here only those claims that defendant arguably could not have raised in a motion to withdraw his guilty plea.

¶ 23    In defendant's second claim, he contends that he was deprived of effective assistance by his counsel's failure to inform him prior to his plea of a possible defense based on a private person's right to use force to make an arrest. Defendant's defense of an attempted citizen's arrest was strongly contradicted by the expected eyewitness testimony offered as the factual basis for the guilty plea and stipulated to by defendant. Furthermore, pursuing this defense would have exposed defendant, if found guilty, to a far more severe sentence—potential life imprisonment,[1] as opposed to 30 years' imprisonment under the guilty plea offer.

---

[1] Twenty to sixty years for first degree murder (730 ILCS 5/5-4.5-20(a) (West 2012) plus twenty-five years for personally discharging a firearm during the commission of the offense. 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2012).

¶ 24  Defendant arguably might not have known to raise this defense in a motion to withdraw his guilty plea if his counsel had not informed him of it. See, *e.g.., People v. Whitfield*, 217 Ill. 2d 177, 188 (2005) (petitioner's claim that he would not have pleaded guilty was not forfeited where he did not learn that his sentence would include three years of mandatory supervised release until he was in prison). However, because the claim lacks rational merit, defendant has not shown that counsel was ineffective. See *Strickland*, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment").

¶ 25  Nor do defendant's claims that trial counsel was ineffective for failing to oppose the State's motions in *limine* show that counsel was ineffective. Defendant pleaded guilty before trial counsel was required to respond to the motions. By pleading guilty, defendant put an end to counsel's trial preparations, including litigation of the motions in *limine*. Even if not forfeited for failure to file a motion to withdraw the guilty plea, these claims were procedurally defaulted, and counsel was not ineffective for failing to pursue them.

¶ 26  Defendant claims that his 25-year sentence for first degree murder under a count that included a specification of personal discharge of a firearm is an illegal sentence and must be vacated. According to defendant, the failure to impose the mandatory firearm enhancement, which would have resulted in a sentence of 45 years (see footnote 1, above), renders his sentence void.

¶ 27  This claim is barred because defendant "expressly invited and acquiesced in the claimed error." *People v. Moore*, 2021 IL App (2d) 200407, ¶ 33. The record establishes that defendant voluntarily and knowingly pleaded guilty in exchange for a 30-year sentence; he is estopped from claiming on appeal that the trial court erred in honoring the terms of the negotiated plea agreement. *Id.* ("To allow a defendant to use the exact ruling or action procured in the trial court as a vehicle

for reversal on appeal would offend all notions of fair play [citation], and encourage defendants to become duplicitous").

¶ 28    For the same reasons, defendant is estopped from bringing his claim that his sentences violate the one-act, one-crime rule. Defendant contends that his conviction for attempt aggravated discharge of a firearm should not have been entered because it was based on the same act as his conviction for first degree murder. Again, to permit defendant to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend all notions of fair play. *Moore*, 2021 IL App (2d) 200407, ¶ 33. Furthermore, convictions with concurrent sentences can be entered in this case because attempt aggravated discharge of a firearm is not, by definition, a lesser included offense. *People v King*, 66 Ill. 2d 551, 566 (1977). The elements of the two offenses are different—first degree murder does not require use of a firearm. Were it otherwise, there could be no punishment for gun use.

¶ 29    Finally, defendant's claim that, "as a near juvenile," his sentence of 100% time is unconstitutional is also estopped by the doctrine of invited error and acquiescence. *Moore*, 2021 IL App (2d) 200407, ¶ 33. We additionally note that defendant, who was 19 years old when he committed the instant offense, cites no authority for the proposition that a 30-year negotiated sentence is unconstitutional due to his age. Instead, he cites inapt Supreme Court cases holding that sentencing a person who was under 18 when he offended to mandatory life without parole violates the eighth amendment. See *Miller v. Alabama*, 567 U.S. 460, 470 (2012). *Accord Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016). This court has consistently held that the Supreme Court created "a bright-line rule limiting its holding to those who were under 18 years old when they offended." *People v Mauricio*, 2021 Il App (2d) 190619, ¶ 20; *People v. Hoover*, 2019 Il App (2d) 170070 ("*Miller* simply does not apply to a sentence imposed on one who was at

least 18 at the time of his offense"); *People v. LaPointe*, 2018 IL App (2d) 160903, ¶ 37 (reiterating that *Miller* created a bright-line rule.) Because defendant was over 18 and not sentenced to mandatory life without parole, the cases he cites have no precedential value here.

¶ 30    Defendant has failed to make a substantial showing of a constitutional violation, and, accordingly, we affirm the dismissal of his amended postconviction petition.

¶ 31                                III. CONCLUSION

¶ 32    For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 33    Affirmed.